## Doyle v. The State.

*Indictment against Sheriff, for Failure to render to County Treasurer Account of Moneys received by him for County.*

1. *Sufficiency of indictment against sheriff for failure to render to county treasurer sworn statement of moneys received by him for county.* — An indictment against a sheriff, for failing to render to the county treasurer a sworn statement in writing of the moneys received by him for the county (Rev. Code, § 917), must allege that the moneys were received by him in his official character as sheriff.

2. *Same, in statement of time.* — Such indictment must also specify with certainty the term and year at which the alleged failure occurred.

FROM the Circuit Court of Madison.

Tried before the Hon W. J. HARALSON.

The indictment in this case was found at the April Term, 1871, and was in these words: "The grand jury of said county charge, that, before the finding of this indictment, .Joseph P. Doyle, being then and there sheriff of said County of Madison, failed to render to Daniel Johnson, the county treasurer of said county, three days before the Spring Term of the Circuit Court of said county, a statement in writing, and on oath, of the moneys received by him for the county, specifying the amount received in each case, and from whom ; and, after deducting from such amount five per cent., to pay the balance to the county treasurer ; against the peace," &c. The defendant demurred to the indictment, and assigned the following causes of demurrer : "First, that said indictment does not charge the defendant with an indictable offence; second, that said indictment does not aver that said defendant had received any money for said County of Madison ; third, that said indictment does not aver that said defendant, as sheriff, received any money of the County of Madison, of which he failed to render a statement in writing, and on oath, to the county treasurer." The court overruled the demurrer, and the judgment entry recites that the defendant excepted to this ruling.

R. C. BRICKELL, for the appellant.

BEN. GARDNER, Attorney General, *contra.*

PECK, J. C. — Two of the objections made to the indictment, in this case, must, we think, be sustained. One is, that the indictment is defective, in not stating that the defendant, appellant, had, *as sheriff of said county*, received moneys of the county, which ought to have been reported by him in writing, and under oath, to the county treasurer. The other is,

[Doyle *v*. State.]

that the indictment is bad, because it does not state with sufficient certainty before what term of the Circuit Court of said county it was the defendant failed to render his statement, &c., to the county treasurer.

1. Section 917, Revised Code, under which the indictment was found, is as follows, to wit : " The sheriff of each county must, three days before each term of the Circuit Court in their respective counties, render to the county treasurer a statement in writing, and on oath, of the moneys received by him for the county ; specifying the amount received in each case, and from whom ; and, after deducting from such amount five per cent. for his compensation, pay the balance to the county treasurer." It seems to us very clear, that the statement required to be made by a sheriff, under this section, is of moneys of the county of which he is sheriff, and which have been received by him *as sheriff*, that is, in his official character, and by virtue of his office, as sheriff. It is, therefore, not enough for the indictment to state that he had received moneys of the county merely, but it must be stated that the moneys received by him were received by him *as sheriff*. Without this, it would not, appear that the moneys were not received by him as an individual, and not as an officer ; and therefore, not required to be reported by him to the county treasurer, in the manner provided by said section 917.

2. The other objection is equally fatal. The indictment, it is true, states that the failure of the defendant to render the statement required by said section 917 was a failure to make the statement to " the Spring Term of the Circuit Court of said county ; " but it fails to state whether it was to the Spring Term of said court in 1871, the term at which the indictment was found, or the Spring Term of said court in some other year. This left the charge too uncertain to put the accused upon his defence. Generally, it is not necessary to state the precise time at which the offence was committed ; but where time is a material ingredient of the offence, it must be stated. Revised Code, § 4115.

For these defects in the indictment, the judgment is reversed, and the cause is remanded, that the solicitor may prefer another indictment, if he shall desire to do so.