STATE OF MISSOURI, Respondent *vs.* CHARLES GUNZLER, Appellant.

1. *Practice, criminal—Evidence—Abandonment of wife—Divorce, suit for.*—In a prosecution under the statute for abandonment of his wife, evidence that the defendant has brought a suit for divorce against his wife, which is still pending, is no defense.

*Appeal from St. Louis Court of Criminal Correction.*

*Gottschalk,* for Appellant.

I. The judgment was contrary to the evidence, because it appeared there was a divorce suit pending at the time wherein the prosecutrix was the defendant and had the right to apply for alimony " pendente lite."

II. The filing of a divorce suit, coupled with the fact of acting under the advice of counsel, is a sufficient excuse for abandonment of wife.

EWING, Judge, delivered the opinion of the court.

This was a prosecution against the defendant, Gunzler, for abandoning his wife, and neglecting to maintain and provide for her. The defendant was found guilty and his fine assessed at fifty dollars. A motion for a new trial being overruled, he brings the cause to this court by appeal.

No question of law is presented by the record, and the only ground on which a reversal of the judgment is asked, is that there is no evidence to sustain the finding of the court.

The complaint charges, that defendant on the 5th day of December, 1871, and continually from and after that day until the day of the filing of the complaint, to-wit: Dec. 18th, 1871, unlawfully and without good cause did abandon his lawful wife, &c., and during the time aforesaid unlawfully and without good cause did fail and refuse to maintain and provide for her.

The evidence introduced on the part of the State, tended to prove that defendant's wife lived with him in St. Louis as his wife until Dec. 5th, 1871, when defendant left her, and has been absent ever since; that defendant, who is a rag-gatherer took with him certain property consisting of a horse and wagon ;

that he had not furnished anything whatever since that time; that she, the wife, went to his home which is only a few blocks from where she lived for the purpose of getting assistance ; but was unable to see him ; that she has no means of support except her own labor and such assistance as can be furnished by two sons by a former husband, aged respectively thirteen and eleven.

Defendant introduced in evidence the record in the case of the defendant against his wife, a suit for divorce, filed in the St. Louis Circuit Court, Dec. 5th, 1871, and served by the sheriff on defendant Dec. 19th, 1871, returnable to the February Term, 1872 of said court, and then still pending therein, on the ground of indignities such as to render plaintiff's condition intolerable. It also appeared from the evidence of Mr. Gottschalk, that he brought the divorce suit as defendant's attorney, and at the time advised him that he could not legally continue to cohabit with his wife, while his suit for divorce was pending, and that he must therefore leave her. This prosecution is founded upon a statute which declares, that " every husband shall be guilty of a misdemeanor, who shall without good cause abandon his wife, and fail, neglect or refuse to maintain and provide for her. (1 W. S., p. 497, § 34.)

The charge in the information, of abandonment and failure on the part of defendant to provide for his wife, is proved by the evidence introduced on the part of the State. This is met by the evidence of a suit for divorce, instituted by the defendant his wife, and the advice of his attorney that he must leave her, nothing more. These facts evidently had no tendency to disprove the charge in the information, or to justify the defendant in abandoning his wife and in neglecting to provide for her. The defendant did not attempt to justify his conduct by showing "good cause," or any cause whatever. What the indignities were for which the defendant claimed a divorce, he did not offer to prove. Whether the abandonment was justifiable or not, was to be determined by evidence submitted at the trial, concerning the conduct of the wife towards her husband, and not by the fact that a suit for divorce

had been instituted against her, in which she was charged with misconduct which might if proved entitle him to a decree of divorce against her.

Judgment affirmed. The other Judges concur.