# Cummins *v.* The State.

*Indictment for Bribing, or Attempting to Bribe, another to Commit a Felony.*

1. *Evidence; relevancy of, not appearing of record; question properly excluded.*—Where the court refused to allow a witness to state why another witness, who was near him, did not hear a conversation detailed by the former witness, and its relevancy is not shown, and it does not appear that the other witness did not hear such conversation, this court cannot say that the question was not properly excluded for want of relevancy.

2. *Same; question asking opinion of witness.*—The question is also objectionable, because it asks for a mere opinion of the witness as to matters of which the jury are the judges.

3. *Charges; when properly refused*—Charges assuming facts as proved, of which there is no evidence, are properly refused.

4. *Rulings of court below; when considered correct.*—The rulings of the court below must be considered correct, unless the contrary be affirmatively shown by the record.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. JAMES Q. SMITH.

Defendant, Nelson Cummins, was indicted at the fall term, 1877, of said court—the indictment charging that he corruptly gave, offered, or promised, to one Caleb Goodgame, the sum of $25, and a bull yearling, &c., or other thing of value, with intent to influence said Goodgame to kill and murder Fannie Cummins, the wife of the said Nelson Cummins, &c.

During the trial, one Young, a witness for the State, testified, on cross-examination, that he and Sayers (another witness for the State, who had already been examined), were within close proximity to each other; whereupon, defendant's counsel asked said Young, "what was the reason that Sayers did not hear the conversation detailed by the said witness Young." (The bill of exceptions fails to show what was the conversation). The solicitor objected to the question, and was sustained by the court, the defendant excepting.

The defendant asked the court to give three charges, which were based upon evidence no where appearing in the bill of exceptions. The court refused to give them, and defendant excepted.

The sustaining of the objection of the solicitor to the question above set out; the refusing of the charges asked by defendant, and the judgment of the court below, are now assigned as error.

J. FALKNER, for appellant.—1. The evidence is not all set out in the bill of exceptions, nor as much as is desirable, yet there is enough to show that there was a conflict in several points, and that it was important to the rights of the prisoner that he should have had the fullest latitude in cross-examining the State's witness. The question was proper, particularly on cross-examination.—See *Kelly v. Brooks*, 25 Ala. 523 ; *Fralick v. Pressly and Wife*, 29 Ala. 457 ; *Stoudenmire v. Williamson*, 27 Ala. 558 ; *Thompson v. Dill*, 30 Ala. 444 ; *Ward v. Reynolds*, 32 Ala. 384.

2. The first charge asked by the defendant should have been given.—See *Harris v. Bell*, 27 Ala. 520 ; *Taylor v. Kelly*, 31 Ala. 39 ; *Ward v. Reynolds, supra ; Bell, Adm'r, v. Troy*, 35 Ala. 184. Each of the charges asked by the defendant are clearly matters of law, and ought to have been given by the court. It is, perhaps, objected by the State that the charges asked are abstract ; we insist that this position cannot be maintained.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. The court did not err in refusing to permit the witness to be asked the reason another witness did not hear a conversation testified to on the trial. The question was irrelevant, because its answer could not tend to prove the issue ; it was illegal, because its answer would not have laid a predicate for the contradiction or impeachment of the witness, and because the question called for the opinion of a witness.

2. The first charge asked was properly refused. When analyzed, the answer of the witness was merely that he did not hear the conversation, although he listened. The test of the question, whether or not testimony is negative, may subject the witness to an indictment for perjury. In the case at bar, it would be impossible to convict the witness of perjury, because it would be impossible to prove that he heard. On the contrary, the witness who swore he heard the conversation and repeated it, could be convicted of perjury. This is the case in all affirmative testimony. But testimony is negative where an indictment would not lie, and

the rule regarding it must be applied, except in those cases where the negative evidence proves an opposite fact ; as in the case of an alibi, if such evidence can be considered negative at all, in the sense in which this term is employed.—Starkie on Ev. (Shars. Ed.) pp. 867-8-9 (marg.)

3. The second and third charges were properly refused.

MANNING, J.—The crime charged in this indictment is bribing, or endeavoring to bribe another to commit a felony —the crime of murder. A witness, Young, was examined on behalf of the State, but what his evidence was, does not appear. On cross-examination, he having " stated that he and Sayers, another witness for the State, who had been previously examined, were in close proximity to each other, the witness was asked what was the reason that Sayers did not hear the conversation detailed by said witness Young ; " which question was ruled out, and defendant excepted.

1. What this conversation was, between whom it took place, and whether it was relevant, is not shown ; nor is it said that Sayers had testified that he did not hear it. We are left wholly uninformed of any matter which would tend to show that the question was not properly excluded for want of relevancy.

2. But there is another objection to the interrogatory : The witness was asked the reason why another person near him did not hear a conversation about which he had testified. It asked, apparently, for a mere conclusion or opinion of the witness. If the object was—as we suppose—to convince the jury that the reason why Sayers did not hear the conversation, was because it did not take place, and the witness, Young, swore falsely, Sayers' testimony, if there was any such testimony, that he did not hear it, would direct the minds of the jury to inquiry on that subject. The witness, besides, might have been further asked concerning other matters of fact to enforce that inquiry ; as, for instance, how far he and Sayers were apart, what was the situation of all the parties relatively toward each other ; whether the conversation was in whispers, or in a low or audible voice, and whether Sayers was deaf or not. But he should not have been asked for a conclusion or reason, which it was for the jury, from the facts testified about, to ascertain or infer.

3-4. There was no error in refusing to give the charges asked for on behalf of defendant, for the reason that each one of the three is founded on the assumption that certain facts were proved in the cause, when there is nothing in the bill of exceptions to show that there was any evidence, concerning them, submitted to the jury. As the rulings of the

court below must be considered correct, unless the contrary be shown, we can not hold upon any thing contained in this record, that they were erroneous.

The judgment must be affirmed.