# Carpenter v. The State.

### Indictment for Forgery.

| | |
|---|---|
| 98 | 31 |
| 100 | 78 |
| 98 | 31 |
| 103 | 22 |
| 98 | 31 |
| 118 | 117 |
| 98 | 31 |
| f125 | 601 |
| 98 | 31 |
| 140 | 15 |
| 98 | 31 |
| 139 | 41 |

1. *Impeaching witness on cross-examination.*—It is not competent, in an attempt, upon cross-examination to discredit a witness, to show his hostility to the defendant by calling for independent facts that do not, of themselves, imply a bad or revengeful feeling.

2. *Charge invading province of jury—misleading*—A charge which asks that, "if, according to the theory of the State, from the evidence, the defendant would be guilty, but according to the theory of the defendant, from the evidence, the defendant would be not guilty, and the jury are unable to say which theory is true, the jury ought to acquit the defendant," is misleading, invades the province of the jury, and is properly refused.

3. *Same.*—A charge that, "if the jury believe from the evidence in the case, the whole evidence, that it is barely probable the defendant is not guilty, the jury ought to find him not guilty," is misleading, and erroneous.

[Carpenter v. The State.]

FROM the Circuit Court of Baldwin.
Tried before the Hon. JAMES T. JONES.

JNO. R. and CHAS. W. TOMPKINS, for appellant, cited *Alsabrooks v. State*, 52 Ala. 24; 3 Brickell, 284; *Cohen's Case*, 50 108; *Bains v. State*, 74 Ala. 38; *Winslow's Case*, 76 Ala. 42.

W. L. MARTIN, Attorney-General, for the State, cited *Fonville v. State*, 91 Ala. 39; *Gibson v. State*, Ib. 64; *Kansas City, &c., R. R. v. Crocker*, 95 Ala. 412; *L. & N. R. R. v. Hall*, 87 Ala. 708; *Tanner v. State*, 92 Ala. 1; *Pate v. State*, 94 Ala. 14–18.

HARALSON, J.—The State introduced and examined as witness, G. W. F. Price, the party whose name was alleged to have been forged to the written certificate of the killing of the cow, and of the defendant's claim for damages therefor, on which he was paid twenty dollars by the railroad company. In his cross-examination by the defendant, the witness stated, that he was not hostile to the defendant, and in order to contradict that statement, as it would seem, he was asked by defendant's counsel, "Didn't you, at one time, when you were required to reduce the force of hands working under you, discharge him in preference to a colored man, then also in your employ?" The court sustained an objection to the question, interposed by the solicitor, and the defendant excepted. There was no error here. If the question had been answered in the affirmative, it would not have shown without more, any hostile feeling on the part of the witness towards defendant. The question assumes that he was required to discharge some of the hands working under him, in order to reduce the force, and bad feeling or prejudice against the defendant, could not be implied, in the discharge of that duty, more than against any other employe, who was not retained. Many considerations, such as skill, age, physical conditions, differences in wages to be paid, industry and faithfulness to duty, would control in such a selection, without implying, necessarily, any prejudice against those discharged. If the question had been allowed, its answer would, probably, have opened an inquiry into such considerations as we have named, which would have been apart from the issue in the cause.

An attempt to discredit a witness, by questions propounded to him on cross-examination, calling for independent facts, intended to show hostility on his part towards the defendant, is not allowable, unless the facts sought to be

proved, of themselves, imply a bad or revengeful feeling. *Moore v. State*, 68 Ala. 360 ; *Morgan v. State*, 88 Ala. 223.

Charge No. 5, requested by the defendant, and refused, was misleading and invasive of the province of the jury. It was not for the court to tell them, which of the two supposed theories they should adopt, nor was it necessary in order to render a verdict, for them to be able to say which of the two was true, as the charge required them to do. The measure of their satisfaction, for such purpose, is required to be no more than that they must believe the defendant to be guilty, beyond reasonable doubt. The requirement of them, as contained in the charge, was too high.—*Fonville v. State*, 91 Ala. 44 ; *Gibson v. State, Ib.* 64.

The court very properly refused to give the 8th charge requested by defendant. The question, in a case of the kind, is not whether on all the evidence, if "it is barely probable the defendant is not guilty," or—what is the same thing—it is barely probable the defendant is innocent, he should not be founy guilty. For all that, the jury may believe, beyond all reasonable doubt, the defendant to be guilty.

The charge asked more than, if, from all the evidence, there is a probability of the defendant's innocence, he is entitled to an acquittal.— *Winston v. State*, 76 Ala. 43), and was calculated to confuse and mislead. Charges should be "clear, explicit and of an easy interpretation."—*Hughes v. Anderson*, 68 Ala. 280 ; 74 Ala. 37.

There is no error in the record, and the judgment and sentence of the Circuit Court are

Affirmed.