# Hall v. The State.

### *Indictment for Abandonment of Family.*

1. *Code 1886, § 4047, Construction of*—Section 4047 of the Code of 1886, cannot be construed to mean that it is criminal, under any and all circumstances, for the husband to abandon his wife; he may do so for any divorcible cause.

2. *Same.*—Misconduct of wife after abandonment. As an excuse for abandoning the wife, the husband cannot set up misconduct of which she was guilty after the abandonment, unless such misconduct is connected in some way with, and tends to illustrate and explain, similar acts committed by her before the separation, which may be pleaded by him in justification for leaving her.

3. *Same.*—In a prosecution, under the statute, of the husband for abandoning the wife, there being no proof of infidelity on the part of the wife during the marriage, evidence offerred by the defendant that after he abandoned her she was guilty of adultery, is properly excluded.

4. *Same; divorce from wife after abandonment.*—In such case the record in a suit by defendant against his wife, in which he procured

VOL. C.

[Hall v. The State.]

a divorce. when the grounds of suit are not stated, and it is not shown that the divorce was given for acts of the wife before the abandonment, is inadmissible in evidence.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

The defendant was tried under an indictment which charges that "Charley Hall, who was then and there an able bodied person and by his labor able to support his family, did abandon his family and leave them in danger of becoming a burden to the public," &c.

The testimony showed that when defendant and his wife were married the latter had two children and that a third child was born three or four months after the marriage, which last child he recognized as his own. The marriage occurred September 3, 1888, and the parties lived together until December 1, 1889, when the defendant separated from his wife, leaving her with nothing but household and kitchen furniture. At the time of the abandonment of his wife the defendant was an able bodied young man. On the examination of one of the State's witnesses the defendant, on cross-examination, asked the witness if defendants wife, about thirteen months after he separated from her, did not have another bastard child? The State objected to the question and the objection being sustained by the Court the defendant duly excepted.

The defendant offerred to prove by the records that on the. 13th day of August, 1890, he filed a bill in the Chancery Court of Coffee County, Alabama, for a divorce and that a decree of divorce was duly rendered in said cause on the fourth Monday in October, 1890 ; the State objected to the introduction of this proof, the court sustained the objection, and the defendant duly excepted.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—The statute under which the defendant was indicted, can not be construed to mean, that it is criminal, under any and all circumstances, for the husband to abandon his wife. He may do so for divorcible cause. *Carney v. The State*, 84 Ala. 7; *Boulo v. The State*, 49 Ala. 23.

As an excuse for abandoning the wife, the husband can not set up misconduct of which she was guilty after the abandonment, unless such misconduct is connected in some way with, and tends to illustrate and explain similar acts committed by her before the separation, which are pleaded by him in justification for leaving her. In this case, there

[Jones v. The State.]

was no proof of infidelity committed by the wife during the marriage, and the evidence offered by defendant for the purpose of showing that after he abandoned her, she was guilty of adultery, was properly excluded. *Alsabrook v. The State*, 52 Ala. 24.

The indictment was filed the 3d of October, 1890. The abandonment as shown, occurred about the 1st of December, 1889, after the defendant had lived with his wife, a little over a year. At the time of the marriage she had two children, and one in about four months thereafter, which the proof shows he acknowledged to be his child. The defendant offered to prove by a certified transcript of the record, that on the 13th of August, 1890, he filed his bill in the Chancery Court of Coffee County against his wife, for a divorce from her, and that on the fourth Monday in October, following, he was, by the decree of that court, duly and legally divorced from her. It was not shown or stated, as it ought to have been, on what ground for a divorce defendant filed his bill, and on which it was granted, or when the divorcible act occurred. For aught appearing, it may have been for cause happening after he abandoned her. The transcript of the divorce suit was properly excluded.

Affirmed.