COMMONWEALTH *vs.* EDWIN H. SIMMONS.
SAME *vs.* SAME.

Middlesex.    January 27, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Complaint for Non-support — Libel for Divorce — Alimony — Evidence.*

Complaints to a police court, made by a wife against her husband for unreasonably neglecting to support her and her minor children, are independent of proceedings for a divorce instituted by the husband against the wife just before the complaints were made, and are to be tried and disposed of upon the facts appearing upon the allegations contained in them; and the decision of the Superior Court whether it would order the payment of alimony *pendente lite* does not determine the status of the party, and does not settle the question whether it is the duty of the defendant to support his wife and children under the circumstances then existing; and the fact that the parties in the libel for divorce are not the same as in the complaints for non-support is an additional reason why the evidence is incompetent.

COMPLAINTS to the Police Court of Lowell, under St. 1893, c. 262, entitled "An Act relative to evidence in proceedings for neglect to support a wife or minor child." The first complaint was made December 17, 1894, and charged that the defendant unreasonably neglected to support his wife, Sarah Ella Simmons, from November 3, 1894, to that date. The second

was made January 9, 1895, and contained three counts. By
the first count the defendant was charged with unreasonably
neglecting to support his minor son, Warren H. Simmons, from
December 18, 1894, to January 9, 1895; by the second, his
minor son, Herbert A. Simmons, during the same time; and by
the third, his wife, also during the same time.

At the trial in the Superior Court, before *Richardson*, J., it
appeared that on December 13, 1894, the defendant filed in
that court his libel for a divorce from the complainant in these
prosecutions; that she was served with notice thereof on
December 15, 1894, and defended the same; and that after a
hearing on February 18, 1895, the libel was dismissed. The
complainant and defendant had not lived together since October
30, 1894. The defendant offered in evidence a motion filed by
the libellee in the suit for divorce on January 18, 1895, pray-
ing for " an order directing the libellant to pay to her a suitable
sum for the support of herself and their children during the
pendency of this libel; also that he may be ordered to pay into
court a suitable sum to enable her to defend said libel." Upon
this motion, after a hearing on February 1, 1895, the judge
made the following order : " Motion for alimony denied. $30
ordered to be paid into court on February 11," to enable her
to defend the libel.

The defendant also offered evidence tending to show that
upon the dismissal of the libel the libellee orally moved for an
allowance of alimony *pendente lite,* and for costs of suit, but
that the court denied both parts of the motion. The court
excluded the motion and the other evidence, on the ground that
the proceeding on the libel for divorce was not a bar to the
prosecution of these complaints.

The defendant asked the judge to rule that the jurisdiction of
the Superior Court over him and his wife and children at the
times of the making of these complaints was complete and
exclusive, and that the police court had then no authority to
receive the complaints ; also, that the question whether the
defendant had unreasonably neglected to support his wife or
either of his minor children, as alleged in the complaints, had
been decided in his favor by the denial of said motions for
alimony *pendente lite.* The judge refused so to rule, and the

jury returned a verdict of guilty on both complaints, and on each of the counts in the second complaint.

The defendant alleged exceptions.

*E. H. Simmons, pro se.*

*G. A. Sanderson,* Assistant District Attorney, for the Commonwealth.

KNOWLTON, J. On December 13, 1894, the defendant filed a libel for divorce against his wife, which was dismissed after a hearing on February 18, 1895. The defendant, in these prosecutions for unreasonably neglecting to provide for the support of his wife. and minor children, offered to prove that his wife filed a motion for alimony *pendente lite* in the divorce suit, which was denied, and also asked the court to rule " that the jurisdiction of the Superior Court over him and his wife and children at the times of the making of these complaints was complete and exclusive, and that said police court had then no authority to receive said complaints ; also, that the question whether the defendant had unreasonably neglected to support his wife or either of his minor children, as alleged in said complaints, had been decided in his favor by the denial of said motions for alimony *pendente lite.*" The evidence was excluded, and the ruling was refused.

These prosecutions under St. 1893, c. 262, are independent of the proceedings for a divorce, and are to be tried and disposed of upon the facts appearing upon the allegations contained in them. The decision of the Superior Court upon the question whether it would order the payment of alimony *pendente lite* did not determine the status of the parties, and did not settle the question whether it was the duty of the defendant to support his wife and children under the circumstances then existing. Moreover, the parties in that suit were not the same as in this, and for that reason the evidence was incompetent. No error appears in the proceedings at the trial.

*Exceptions overruled.*