# Paradise *et al. v.* The State.

*Indictment for Murder.*

1. *Implication of witness; credibility and interest.*—Where the father of defendants, who are on trial for murder, is introduced by them as a witness and testifies to material facts in their behalf, it is competent for the State to show, as going to his interest in the case and credibility, that he himself was implicated with the sons in the commission of the offense with which they are charged.

[Paradise *et al.* v. The State.]

2. *Same; what admissible.*—On an indictment for murder where the father of the defendants is introduced by them as a witness, and where there is evidence of bad feeling between witness and deceased, his statment made to another witness, on the day before the killing, that the deceased came to his house and tried to raise a fuss with him and that he would "have him attended to" is relevant and material evidence as tending to show that he himself was implicated in the offense with which his sons are charged.

3. *Same; how proved.*—Where on an indictment for murder the father of the defendants is introduced by them as a witness, in order to show his credibility and interest, it is proper for the State to prove by witness himself on cross-examination relevant statements made by him prior to the killing; and on his denying them, it is entirely competent to prove them by the person to whom they were made.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

The appellants, James and Isaac Paradise, were indicted for the murder of George Towers, were convicted of murder in the econd degree and sentenced to the penitentiary for ten years.

The evidence for the State tended to show that as the defendants were passing by the field where the deceased was at work George Towers got into a dispute with Isaac Paradise; that Jim Paradise tried to prevent the fuss and, failing to quiet them, stepped back and said that if they were going to fight, they could fight it out as they pleased; that at this time Towers was standing with his hand on his hoe handle; that Isaac Paradise just after a statement made by him, threw a rock, which was taken from his hip pocket, and hit Towers with it on the back of his head; that Towers dodged his head when the rock was thrown, and immediately Jim Paradise shot and killed him.

The evidence for the defendants tended to show that the fatal shot was fired as deceased was threatening to hit each of the defendants with his hoe, saying that he intended to kill them. There was evidence introduced in the trial tending to show that the day before the homicide, the deceased, Towers, rode up to the house of the defendants and said to their father, David Paradise, that he, Towers, wanted to talk with David Para-

dise about reporting him for playing cards; that David Paradise denied having made such statement, whereupon Towers said he could prove it and cursed David Paradise.

David Paradise was introduced as a witness for the defendants and on his cross-examination the solicitor asked him the following question: "Did you not go to Billy Smith's on the evening before George Towers was killed and say that George Towers came very near whipping you that day, but that you would have him attended to for it, or words to that effect?" The defendant objected to this question upon the ground that it called for illegal, irrelevant and incompetent evidence. The court overruled the objection, and the defendant duly excepted. David Paradise answered that he did not. The State introduced Billy Smith, and asked him if David Paradise did not make the statement contained in the question just set out above. The defendant objected to this question, because it called for illegal, irrelevant and incompetence evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that he did. The defendant moved to exclude the evidence upon the same grounds, and duly excepted to the court's overruling the motion. These rulings of the court constitute the only questions reviewed on the present appeal.

TALLY & HOCKWORTH, for appellant, cited *Davis v. State*, 92 Ala. 20 (27); *Stone v. State*, 105 Ala. 60 (69); *Jones v. State*, 115 Ala. 83; *State v. Duncan*, 6 Ire. 236; *State v. Haynes*, 71 N. C. 79; *State v. Davis*, 77 N. C. 483; *State v. Bishop*, 73 N. C. 44; *State v. White*, 68 N. C. 158; *Cookman v. State*, 5 W. Va. 510; *Walker v. State*, 6 Tex. Ct. App. 576.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—David Paradise is the father of defendants. He was introduced by them as a witness and testified to material facts in their behalf. It was competent for the State to show, as going to his interest in the case and credibility, that he himself was

[Hannigan v. The State.]

implicated with his sons in the commission of the offense for which they were being tried. His statements to the witness Smith tended to prove such implication. They were relevant and material evidence in the case. It was proper for the State to prove the statements by David Paradise himself on cross-examination, and upon his denying that he had made them, it was entirely competent to prove them by Smith; the testimony of the latter going both to prove the substantive material fact that the statements were made and to contradict Paradise as a witness.

We have considered the other points raised by the appellants on the record, and find no error in them; but as counsel do not discuss them in their brief, we deem it unnecessary to enter upon a discussion of them here.

Affirmed.