# Crawley v. The State.

## Vagrancy.

(Decided May 10, 1906. 41 So. Rep. 175.)

*Vagrancy; Elements of Offense; Desertion by Husband; Statutes; Retroactive Operation.*—General Acts 1903, p. 244, does not apply where the husband left his wife and children before its passage, although he remained away from them after that time.

APPEAL from Jefferson Criminal Court.

Heard before HON. S. L. WEAVER.

Prosecution was commenced by affidavit under the act of Sept. 22nd, 1903, and the affidavit was made by the wife in Feb. 1905. The evidence tended to show that defendant was married to prosecutrix in Jan. 1903, and defendant left home in Feb. 1903, leaving his wife without means of subsistence and has not since lived with her. The motion to quash the affidavit was based on the fact that the wife made the affidavit and that it charged no offense under the laws of the state, and that it showed on its face that it was barred by the statute of limitations of one year. This motion being overruled, the defendant entered a plea of not guilty and the statute of limitations of one year. The defendant was convicted and appeals.

FRANK S. WHITE & SONS, for appellant.—The court erred in allowing the wife to testify against the husband. —*Lide v. The State,* 133 Ala. 60; *Holly v. The State,* 105 Ala. 100; *Hussey v. The State,* 87 Ala. 135. The defendant should have been acquitted under his plea of the statute of limitations of one year. The undisputed facts are that the act of abandonment, the time of leaving his home was in Feb. 1903. The affidavit was made on the 2nd day of Feb. 1905. His act of Feb. 1903, was a final act.—*Anderson's Law Dictionary,* p. 4. Applying this definition to the word *quit* as found in the statute, when the quitting takes place, the offense is complete. This being true, the offense was committed in Feb. 1903, and the bar was complete.—*Fay v. The State,* 105 Ga.

599; 70 Am. St. Rep. 68; *Jemison v. The State*, 80 Ga. 111. The offense was not proven for another reason, namely, it was undisputed that there was no children by this marriage, and the offense denounced by the statute is the quitting of his house and leaving his wife and children without means of sustenance. This offense having been committed before the passage of the act to allow a conviction under it, would be to give it an ex post facto effect.

MASSEY WILSON, Attorney General, for the State.— The fact that the wife made the affidavit was no grounds for quashing. She is a competent witness against the husband.—General Acts 1903, p. 32; *Clarke v. The State*, 117 Ala. 1; *Johnson v. The State*, 94 Ala. 53. General acts 1903, p. 32, has an equal application to the offense denounced by the act of Sept. 22, 1903, with § 5628 of the code. The rule announced in *Meriweather v. The State*, 81 Ala. 74, is not correct, and is practically overruled by the case of *Johnson v. The State*, *supra*. The offense was not barred by the statute of limitations. The act or status of abandonment is continuous in its nature. The statute is not subject to the objection of being ex post facto, as it states a rule of procedure.—*Hill v. The State*, 137 Ala. 56 and cases cited. The motion proceeding on these grounds to quash the indictment was properly overruled.

TYSON, J.—The ruling of the court on the motion to quash the affidavit is not shown by the judgment entry. It is therefore not revisable.—*Gaston v. Marengo County* 139 Ala. 467, 36 South. 738; *Spraggins v. State*, 139 Ala. 102, 35 South. 1000; *Wright v. State*, 136 Ala. 145, 34 South. 233.

The affidavit upon which defendant was tried and convicted was made on the 2nd day of February, 1905. It charges that within 12 months before its making defendant, being an able-bodied person, did quit his house and leave his wife and children without means of subsistence. It is apparent that the offense here charged is one prescribed by the act of the general assembly approved

[Crawley v. The State.]

September 22, 1903, entitled "An act to define and punish vagrancy."—Gen. acts 1903, p. 244. We may pretermit a discussion of all other questions except the motion of defendant to exclude all of the testimony introduced by the state. That testimony showed that the act of the defendant, and upon which the prosecution relied for a conviction, in quitting his house and leaving his wife without means of subsistence, occurred in January, 1903, nearly nine months previous to the passage of the act of the general assembly referred to above, and nearly two years before the commencement of the prosecution. The statute prescribing the offense charged in the affidavit did not operate to make his past act, as shown by the testimony, an offense, and, indeed, could not have constitutionally done so. Furthermore, if it could be held that the statute had that effect, the prosecution was barred by the statute of limitations of one year, unless (§ 5071 of the code of 1896) his act of quitting his house and leaving his wife was a continuing one. The theory of the prosecution is that it was; that each day the defendant remained away and failed to provide means of subsistence for his wife was an act of quitting and leaving. And, undoubtedly, if this be correct, the statute referred to would operate upon his act of quittng, etc., and it would be an offense under it for which he could be convicted, and the statute of limitations could never operate as a bar, so long as he remained away. Nor would a judgment of conviction or acquittal be a bar to subsequent prosecutions. For, clearly, if his act of quitting and leaving be a continuing one, he quits and leaves every day until he returns, and each day he remains away he commits a new, separate, and distinct offense. And if it be true that his act is a continuing one, it is wholly illogical to say that, because he quit his house and left his wife prior to the passage of the statute, it cannot operate upon his conduct after its passage, thereby relieving such conduct of its criminality. So, then, the question as to whether his act of quitting and leaving is a continuing one is necessarily presented and must be determined.

[Crawley v. The State.]

To constitute the offense there must be an actual desertion, followed by a failure or refusal to provide means of subsistence for the wife and children. The absence of either would prevent the offense being made out. And after a complete act of desertion there cannot be a new act of quitting his house and leaving his wife and children without subsistence until a return to the discharge of the marital or parental obligation and another act of quitting, etc., occurs.—*Gay v. State*, (Ga.) 31 S. E. 569, 70 Am. St. Rep. 68. It it of no consequence that there are some acts of vagrancy, as defined in the statute, of a continuous character. This is clearly not one of them. Nor, in our opinion, can an affidavit or indictment be framed under the statute so as to make the offense here attempted to be charged a continuing one. It follows from what has been said that the motion to exclude all the testimony introduced by the state should have been granted, because no offense was proven.

Reversed and remanded.

ANDERSON and DENSON, JJ., concur in the foregoing views. WEAKLEY, C. J., and HARALSON, DOWDELL, and SIMPSON, JJ., concur in the result, but place their concurrence upon the ground that the act of quitting and leaving the wife and children, which is essential to fix the status of vagrancy, occurred prior to the passage of the act of the legislature upon which the prosecution is based. Whether, if the act of quitting were committed after the enactment of the statute, and the abandonment continued, the status of vagrancy would be so fixed as to continue until the return to the family and the provision for them of means of subsistence, and to justify a prosecution at any time under a poper affidavit for such vagrancy, is, they think, a question which does not arise in this case, and is not necessary to be decided at this time; and they prefer not to commit themselves to the conclusion announced by TYSON, J., in the concluding paragraph of his opinion.