# Grantland *v.* The State.

### *Vagrancy.*

(Decided May 20, 1913.  62 South. 470.)

1. *Husband and Wife; Abandonment.*—At common law it was not a criminal offense for a husband to leave his wife without means of support.

2. *Same; Criminal Liability.*—Where a husband in good faith provides a home for his wife, he is not guilty under subdivision 8, section 7843, Code 1907, where the wife refused to follow him, unless she is unable to follow him, or has a lawful excuse; to excuse him, such refusal must be predicated on a bona fide invitation from him, either expressed or necessarily implied.

3. *Same.*—Subdivision 8, section 7843 of the Code is penal and must be strictly construed, and to support a conviction under it, the jury must find that the husband was an able bodied man.

4. *Same.*—The duty of a father to support a minor daughter ceases when she marries, and that duty devolves on the husband, and if the husband abandon her without just cause, leaving her without sufficient means he is guilty of vagrancy, although her father supports her after the abandonment.

5. *Same; Evidence.*—A husband on trial for the abandonment of his wife cannot testify that since his marriage he has been ready and willing to provide for his wife, as a witness may not testify to uncommunicated motives or intentions.

6. *Charge of Court; Covered by Those Given.*—It is proper to refuse charges substantially covered by written charges given.

7. *Same; Assuming Facts.*—A charge which assumes as a fact matters in dispute or matters resting in inference, is properly refused.

8. *Evidence; Fact or Conclusion.*—A wife testifying on the trial of her husband for abandonment may state that he is an able bodied man, as this is a statement of a fact and not a conclusion.

9. *Same.*—A wife cannot testify as to whether or not the husband left her without just cause, as the same would be a statement of a conclusion.

10. *Same.*—As to when a husband abandons a wife involves a question of intent on the part of the husband, and the jury must ascertain this from the evidence, although it might be proper to ask when the husband left as fixing the time.

11. *Witnesses; Competency; Husband and Wife.*—Under section 7900, Code 1907, the wife is a competent witness against the husband in cases of abandonment, and hence, she is competent to testify that he is an able bodied man.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Edgar Grantland was convicted of abandoning his wife, and he appeals. Reversed and remanded.

In addition to the charges set out in the opinion, the following charges were refused to defendant: "(4) If you are not satisfied beyond a reasonable doubt that the wife of defendant under all the circumstances of the case would probably become a burden to the public for the reason of any contingency likely to happen within a reasonable time, and in the ordinary course of events, then defendant should be acquitted."

"(A) If Ada Grantland, defendant's wife, had sufficient means of subsistence, even though the means were furnished by the father, then you should find the defendant not guilty."

"(1) There is no evidence in this case that defendant was an able-bodied man."

TIDWELL & SAMPLE, for appellant. The court erred in permitting the question to the wife, "when did Grantland abandon you?"—*Gay v. State,* 105 Ga. 599; *Moore*

*v. Stevenson,* 27 Conn. 25; 84 Ala. 7; *Boulo v. State,* 49 Ala. 22. It is also true that a statement by the wife as to whether or not defendant had just cause for leaving her was the statement of a conclusion. The defendant should have been permitted to show that he had always been ready and willing to provide for his wife. Under the statute before a conviction can be had, the jury must find that defendant is an able bodied man, and hence, charge 1 should have been given. ·Charge 2 should have been given, as should charge 4.—*Carney v. State,* 84 Ala. 7.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney· General, for the State. The evidence offered on the part of the state was necessary to establish the offense charged, and hence, the court committed no error in admitting it. It was not proper for defendant to state that he had always been ready and willing to support his wife.—*Linnehan v. State,* 120 Ala. 293; *Weaver v. State,* 1 Ala. App. 48. Charges 2 and 3 were covered by given charges. Charge 4 was properly refused.—*Carney v. The State,* 84 Ala.· 7.

THOMAS, J.—The defendant was indicted and convicted of a violation of subdivision 8 of section 7843 of the Code—the vagrancy statute—for that, "being an able bodied person, he abandoned his wife, without just cause, leaving her without sufficient means of subsistence, or in danger of becoming a public charge."

At common law, while it was a violation of the marriage contract and of a resultant duty imposed by law, yet it was not a criminal offense to leave a wife without the means of support.—*Ex parte Jackson,* 45 Ark. 158. But statutes similar to ours on the subject now exist in England and in many jurisdictions of the United States

making the neglect or refusal of the husband to support the wife a criminal offense under certain circumstances.

In the construction of these statutes it has been held to be a sufficient defense that there has been a divorce from bed and board (*People v. Cullen*, 153 N. Y. 635, 47 N. E. 894, 44 L. R. A. 420; but see in connection *State v. Gunzler*, 52 Mo. 172; *Com v. Simmons*, 165 Mass. 356, 43 N. E. 110; *Hall v. State*, 100 Ala. 86, 14 South. 867), or that the wife has been guilty of adultery (*Carney v. State*, 84 Ala. 7, 4 South. 285), or that the marriage was procured by duress or fraud (*Carnley v. State*, 162 Ala. 95, 50 South. 362), or that there has been a separation by mutual consent (*State v. Weber*, 48 Mo. App. 500; *Commonwealth v. Richards*, 131 Pa. 209, 18 Atl. 1007, but see in connection *People v. Meyer*, 12 Misc. Rep. 613, 33 N. Y. Supp. 1123), or that the wife has treated the husband with such cruelty as would justify a divorce (*Com. v. Porter*, 4 Pa. Dist. R. 503), or that he is unable to maintain her (*State v. Linck*, 68 Mo. App. 161), or that he has in good faith proffered support which has been rejected by the wife (*People v. Pettit*, 74 N. Y. 320). And since the law makes the husband the head of the family, imposes upon him the obligation of supporting and protecting the wife, and as a result confers upon him the right of fixing the matrimonial residence, enjoining upon her the duty of honoring and obeying him, we are of opinion that under the statute he has sufficient legal cause for leaving her and denying her support, where she refuses his request made in good faith and declines to follow him to the domicile he provides, when he has made the selection in the bona fide exercise of his power and for honest reasons, and not through mere whim or caprice, or a desire to punish the wife, or to take her to a place where he does not intend to reside with her himself, or where her health or

comfort would be endangered. In such case her refusal to follow him renders her and not him guilty of abandonment, unless she is unable to follow him or has some other lawful excuse.—9 Am. & Eng. Ency. Law, p. 767.

Upon this theory, defendant requested written charge numbered 2, as follows: "I charge you that under the law the husband has the right to choose the domicile of the wife, and if you find that the defendant in good faith chose Mr. Hood's as the place for him and his wife to reside, and his wife refused to live with him at that place, you should find him not guilty." Pretermitting the consideration of others, one vice of the charge lies in the fact that it ignores the controverted question as to whether or not the defendant invited or requested the wife to join him at this domicile. She testified on being recalled that she never refused to go to Mr. Hood's; that defendant had never asked her to go there. To excuse him her refusal must be predicated upon an invitation or request from him, express or necessarily implied from his conduct, and a bona fide one at that.— *Hardenbergh v. Hardenbergh,* 14 Cal. 654.

Besides, the court could not be put in error for refusing this charge, even though it had correctly stated the law, since it was fully covered by other written charges given at defendant's request.

Charge 3, to the effect that, "unless you find from the evidence that the defendant was an able-bodied person, you should find him not guilty," should have been given. This follows from the plain letter of subdivision 8 of section 7843 of the Code, under which the indictment was preferred. Evidently there was a lapse of the legislative mind in the drafting of this subdivision; since it fails to make it an offense for a husband, who is not an able-bodied man, to abandon his wife or leave her in danger of becoming a public charge, although he may

have sufficient property with which to support her. The statute is different in verbiage from the one considered in *Boulo v. State,* 49 Ala. 22. It is probable that the Legislature intended to prohibit the evil mentioned; but, clearly failing so to do, the courts are without authority to supply by construction such a deficiency in the enactment. The statute is a penal one, in derogation of common law, and must be strictly construed.—*Judge v. Kerr,* 17 Ala. 328. In order to give the subdivision the construction contended for by the state, it would be necessary to insert at least the following words or their equivalent: "or any person who has sufficient property to support his family," immediately after the words "any able bodied person," or at some other appropriate place in the subdivision. We would not feel justified in supplying such an omission. We are not only to presume that what the Legislature did not do they intended not to do for good reasons of their own, but we are to refrain from legislation, though they fail to do what we might think they should have done and what they probably intended to do, but overlooked. A further defect of the statute, which should receive the attention of the Legislature, is the fact that under it there is a seriously mooted question (not presented in this case, however) but what, after one conviction, there cannot be another conviction of the offense until the husband has returned to his family and abandons them again.—*Crawley v. State,* 146 Ala. 148, 41 South. 175; *Gay v. State,* 105 Ga. 599, 31 S. E. 569, 70 Am. St. Rep. 68.

The court cannot be put in error for refusing charge numbered 4, for, although it is a correct exposition of the law and copied from the expression of the court in *Carney v. State,* 84 Ala. 7, 4 South. 285, yet it assumes that the wife has the present means of subsistence.

While it is the duty of the father to support his minor daughter during minority, yet, when she marries, that duty is superseded by the duty of the husband. Charge A was therefore properly refused. Besides, to require the court to give the charge would be to require it to assume that there was no danger of the wife's becoming a public burden in the future.—*Carney v. State, supra.*

There was no error in permitting the wife to testify that her husband was an able-bodied person. This was a statement of a matter of fact, and not of a conclusion. —*Wilkinson v. Moseley,* 30 Ala. 562. She is now a competent witness against him in such cases.—Code, § 7900. Hence charge numbered 1 was properly refused.

The court properly refused to allow the defendant to testify that he was, since his marriage, always "willing and ready to provide for his wife," etc. It is never permissible for a witness to testify to his mental state—his uncommunicated motives or intention. These are matters of inference to be drawn by the jury from all the facts and circumstances of the case.—*Fonville v. State,* 91 Ala. 39, 8 South. 688; *Linnehan v. State,* 120 Ala. 293, 25 South. 6.

The question propounded by the solicitor to defendant's wife as a state's witness, "State whether or not the defendant left you without just cause," clearly called for the conclusion of the witness, which it was the province of the jury alone to draw from the facts in evidence. —*Johnson v. State,* 35 Ala. 370.

While it would have been proper for the solicitor to ask the witness when her husband "left" her, yet it was improper to ask her when he "abandoned" her; for the latter word involves a question of intent on the husband's part—a leaving without the intent to return— which was for the jury to ascertain. The question assumed that the leaving of the wife by the husband was

an abandonment of her, and the court sanctioned the as-
sumption by permitting the question over the objection
of the defendant.—*Crawley v. State,* 146 Ala. 148, 41
South. 175. An interesting discussion of the meaning
of the word "abandon" is found in *Gay v. State,* 105 Ga.
599, 31 S. E. 569, 70 Am. St. Rep. 70, cited by appel-
lant's counsel.

For the errors pointed out, the judgment of convic-
tion is reversed, and the cause remanded.

Reversed and remanded.