## DICKEY v. STATE. (4 Div. 971.)

(Court of Appeals of Alabama. Sept. 2, 1924.
Rehearing Granted Nov. 18, 1924.)

1. Criminal law ⊜➞448(3)—Question as to father-in-law's opposition to marriage held objectionable.

In prosecution for deserting and failing to support wife and children, defendant's question as to whether his father-in-law opposed marriage *held* objectionable, as calling for conclusion and uncommunicated state of mind.

2. Witnesses ⊜➞374(1)—Evidence of state's witness' suit for divorce from defendant held inadmissible.

In prosecution for desertion and nonsupport of wife and children, evidence that wife, testifying for state, had sued defendant for divorce, *held* inadmissible to show her bias or prejudice or affect her credibility.

3. Criminal law ⊜➞451(4)—Question as to how defendant treated wife held not to call for conclusion.

In prosecution for desertion and nonsupport of wife and children, state's question to defendant's father-in-law as to how defendant had treated wife did not call for conclusion, but merely for short-hand rendering of facts.

4. Criminal law ⊜➞451(1)—Inference may be stated without facts necessarily involved.

Inference necessarily involving certain facts may be stated without them, being equivalent of specification or short-hand rendering thereof, subject to cross-examination as to facts.

5. Criminal law ⊜➞695(5)—Specification of grounds of objection to question waives other grounds.

Specification of grounds of objection to question waives other grounds.

6. Criminal law ⊜➞1054(1)—Ruling on motion to exclude witness' answer not presented for review without exception.

In absence of exception to ruling on motion to exclude witness' answer, nothing is presented for review.

7. Criminal law ⊜➞1055—Solicitor's statement not reviewable in absence of ruling on motion to exclude it.

In absence of ruling on motion to exclude solicitor's statement from jury, nothing is presented for review.

8. Criminal law ⊜➞448(14)—Questions as to why defendant's wife left him held improper, as calling for mere opinions and conclusions.

In action for desertion and nonsupport of wife and children, questions to defendant's witness as to why defendant's wife left him, whether there was reasonable cause therefor, etc., *held* improper as calling for mere opinions and conclusions.

9. Witnesses ⊜➞37(4)—One not shown qualified by preliminary examination may not testify as to accused's reputation.

One not shown qualified by preliminary examination as to knowledge of accused's reputa-

tion may not testify, in prosecution for desertion and nonsupport of wife and children, as to accused's reputation for strolling about in idleness.

10. Witnesses ⊜➞370(1)—Testimony that wife's father ordered husband off place held admissible for impeachment purposes.

Testimony, in prosecution for desertion and nonsupport of wife and children, that wife's father ordered defendant off his place and not to come on it, *held* admissible to impeach his denial thereof on cross-examination.

11. Criminal law ⊜➞1169(12)—Husband and wife ⊜➞313—Parent and child ⊜➞17(6)—Admission of testimony as to defendant's visits with lewd women held prejudicial error.

In prosecution for desertion and nonsupport of wife and children, testimony as to having seen defendant at house of lewd women while living with his wife, *held* immaterial and highly prejudicial.

12. Criminal law ⊜➞1170½(2)—Defendant cannot complain of error favorable to him.

Defendant answering questions on cross-examination favorably to himself cannot complain of error in overruling objections thereto.

13. Criminal law ⊜➞815(4)—Charge held properly refused as pretermitting conviction for failure to support children as well as wife.

Charge to acquit in prosecution for desertion and nonsupport of wife and children, if wife abandoned defendant without just cause, *held* properly refused as pretermitting conviction for willful neglect or refusal to support children.

14. Criminal law ⊜➞815(4)—Charge held bad as pretermitting conviction for failure to support wife as well as children.

Charge to acquit, in prosecution for desertion and nonsupport of wife and children, if latter were not destitute at time of or before being taken away from defendant by wife, *held* bad as pretermitting conviction for neglect or refusal to support wife.

15. Criminal law ⊜➞815(4)—Charge held bad as pretermitting conviction for "refusing" to support wife and children.

Charge to acquit if defendant did not "willfully neglect" to provide for support of wife or children before she left him and took children with her, *held* bad as pretermitting conviction for "refusing" to provide for their support.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

John Dickey was convicted of deserting and failing to support his wife and children, and he appeals. Reversed and remanded on rehearing.

To the question propounded by the state to the witness A. B. Flowers how defendant had treated his wife and children, defendant objected on the grounds (1) that it had not been shown that witness was qualified to

answer; (2) that it called for a conclusion; and (3) that it did not appear the witness knew. These charges were refused to defendant:

"(1) If the jury believe from the evidence in this case that the wife of defendant abandoned him without just cause you should find him not guilty.

"(2) If you believe from the evidence in this case that the defendant's children were not in destitute or necessitous circumstances at the time, or prior to the time they were taken away from him by their mother, you should find the defendant not guilty.

"(3) If the jury believe from the evidence in this case that the defendant did not willfully neglect to provide for the support and maintenance of his wife or children prior to the time she left him and took the children with her, you should find the defendant not guilty."

A. G. Seay, of Troy, for appellant.

Defendant should have been permitted to show that the father-in-law objected to his marriage to witness' daughter. Carpenter v. State, 98 Ala. 31, 13 So. 534; Fincher v. State, 58 Ala. 215. Defendant's objections to the questions asking how he had treated his wife, and whether he was supporting her from the time she married him until the time she left, should have been sustained. Bullock v. Wilson, 5 Port. 338; Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749. It was error to sustain objection to questions to witness Mauldin as to defendant's reputation for idleness. Longmire v. State, 130 Ala. 66, 30 So. 413. Defendant should have been permitted to show that his father-in-law ordered him off the place. Carpenter v. State, supra; Fincher v. State, supra; Longmire v. State, supra. Whether defendant had been seen at the house of lewd women was improperly allowed to be testified to. Fonville v. State, 91 Ala. 39, 8 So. 688; Sims v. State, 146 Ala. 109, 41 So. 413.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Questions calling for a conclusion and a statement as to the state of mind are properly excluded. Reed v. State, 18 Ala. App. 371, 92 So. 513. Where no exception to a ruling of the court is shown, nothing is presented for review. Kirby v. State, 16 Ala. App. 467, 79 So. 141.

FOSTER, J. Prosecution in this case was commenced by affidavit on June 22, 1922, and a warrant of arrest issued thereon returnable before the county court of Pike county. From a judgment of conviction an appeal was taken to the circuit court where conviction was again had, upon a complaint filed by the solicitor, substantially in the language of the affidavit, charging that the defendant did, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife, Rosie Dickey, she being then and there in destitute and necessitous circumstances, and also that the defendant did without lawful excuse desert or willfully neglect or refuse to provide for the support and maintenance of his two children (naming them), they being then and there in destitute and necessitous circumstances.

The evidence for the state tended to show that the defendant had mistreated his wife; had failed and refused to provide suitable food and clothing for her and their children; that he directed his wife to leave home; and that the only clothing received by the wife and children were given to them by his wife's mother.

The evidence for the defendant tended to show that he had not mistreated her; that she and their children had been adequately provided for; and that she voluntarily abandoned him without fault on his part, and moved to the home of her father where he was forbidden to go.

[1] It was not competent for defendant to show that the father-in-law of defendant opposed the marriage of his daughter to defendant. The question called for a conclusion of the witness, and was objectionable on the further ground that the uncommunicated state of one's mind is not admissible in evidence. Carpenter v. State, 98 Ala. 31, 13 So. 534; Fincher v. State, 58 Ala. 215.

[2] It was not competent for defendant, for the purpose of showing bias or prejudice, to show that the state's witness, Mrs. Rosie Dickey, defendant's wife, had sued him for a divorce. Neither would the institution nor the pendency of the suit affect the credibility of the witness. State v. Stoughton (Mo. App.) 189 S. W. 601; Hadley v. State, 55 Ala. 31.

[3-5] The question asked by state on direct examination of A. B. Flowers, father-in-law of defendant, as to how defendant had treated her (his wife) was not objectionable on the grounds assigned. The question did not call for a conclusion of the witness but rather for the short-hand rendering of facts. An inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent of a specification of the facts, or a short-hand rendering of them, subject to cross-examination as to the facts on which the inference is based. 1 Whart. Ev. § 510; Thornton v. State, 113 Ala. 43, 21 So. 356, 59 Am. St. Rep. 97. A specification of the grounds of objection waives other grounds upon which the question might be objectionable.

[6] There was no exception to the action of the court upon the motion of defendant to exclude the answer of the witness, A. B. Flowers, to the question, "Was he supporting her from the time he married her up to the time she left him?" No question therefore is presented for review.

[7] During the progress of the trial of the case, the solicitor for the state made the following statement:

"We propose to prove that he (defendant) went to Barbour county and passed himself off as a single man."

The defendant made no motion to exclude the statement from the jury. The function of a court of review is to determine the correctness of the rulings of the trial court, and not to rule upon the propriety of statements or conduct of counsel. In the absence of a ruling of the trial court upon a motion to exclude the statement there is nothing presented for review. B. R. L. & P. Co. v. Gonzalez, 183 Ala. 286, 61 So. 80, Ann. Cas. 1916A, 543; Sharp v. State, 193 Ala. 22, 69 So. 122.

[8] The question asked Jim Dickey, witness for defendant, on direct examination as to why defendant's wife left him, what was the cause of her leaving, and whether there was a reasonable cause for her leaving, clearly comes within the rule forbidding questions calling for mere opinions and conclusions of witnesses. Objections thereto were properly sustained. Cummins v. State, 58 Ala. 387; Grantland v. State, 8 Ala. App. 319, 62 So. 470.

[9] The witness, Ben Mauldin, was not shown to be qualified by preliminary examination as to his knowledge of the reputation of accused, and was therefore not competent to testify as to defendant's reputation for strolling about in idleness. The state's objection to the question calling for such testimony was properly sustained. Carter v. State, 145 Ala. 679, 40 So. 82.

[10] Mrs. Dickey, the wife of the defendant, moved to the home of her father, A. B. Flowers, upon leaving her husband, and lived there for about two years immediately preceding the time of the trial. Mr. Flowers was a material witness for the state. It was competent for the defendant to ask said Flowers on cross-examination if he had not ordered defendant off his place and ordered him not to come on his place; and upon his denying that he had done so, it was competent for the defendant, for the purpose of impeachment, to contradict Flowers as a witness and prove by Bose Downing that the statements were made. The court erred in sustaining the state's objection to the question eliciting such testimony. Paradise v. State, 131 Ala. 26, 31 So. 722.

[11] Jesse Maughon, a witness for the state, was asked:

"During the time he (defendant) was married and living there with his wife, did you see him at the house of women who had the reputation of being lewd women?"

The witness answered that he saw defendant at such a place one time. Appropriate objection was made to the question. This testimony was not material to any issue involved in the case, and was highly prejudicial to the defendant.

[12] On cross-examination of the defendant he was asked several questions, to which objections were interposed and overruled. It is apparent that the answers to the questions were favorable to the defendant. He cannot justly complain of error favorable to him.

[13] Charge 1 was properly refused because it pretermits a conviction of defendant for willful neglect or refusal to provide for the support and maintenance of his two children.

[14] Charge 2 was bad in that it pretermits a conviction of defendant for neglect or refusal to provide for the support and maintenance of his wife.

[15] Charge 3 was bad in that it pretermits a conviction of defendant for "refusing" to provide for the support and maintenance of his wife and children.

This opinion is substituted for the original opinion.

For the errors indicated, the application for rehearing is granted, the order of affirmance of the judgment is set aside, and the cause is reversed and remanded.