# Cook v. The State.

## False Pretense.

(Decided June 30, 1909.    50 South. 319.)

1. *Indictment; Motion to Strike.*—A motion to strike portions of the indictment, not mentioned in the judgment entry, but shown only by bill of exceptions, cannot be reviewed.

2. *Appeal and Error; Harmless Error.*—If it was error to permit a witness to testify that the defendant executed him a mortgage the error was cured when the witness immediately produced in evidence the mortgage which was self proving.

3. *False Pretense; Indictment; Surplusage.*—Where an indictment for false pretense charged that the defendant falsely pretended to prosecutor that he owned 118 acres of land in a stated section, township and range, the words particularly describing the land were not surplusage, and hence, proof that defendant did not describe the land by subdivisions or range, though he probably mentioned the township, constituted a variance.

[Cook v. The State.]

4. *Charge of Court; Abstract.*—Where the prosecution was for false pretense in mortgaging certain land on the representation that it was free from encumbrance, when in fact, it was subject to a mortgage to W. & Co., a charge asserting that if W. & Co. told the defendant to make other arrangements and defendant was thereby induced to believe he had a right to mortgage the land, and if he in fact honestly thought that there was no encumbrance on the land, the jury should find for the defendant, was abstract.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Charles D. Cook was convicted of procuring money by false pretense, and he appeals. Reversed. and remanded.

Omitting the formal part, the indictment charged as follows: "Charles D. Cook did falsely pretend to John Hallford, with the intent to defraud, that he owned in his own right 118 acres of land in section 33, township 1, range 25, which was at the time free from encumbrance, and that there was no mortgage or lien on said land, and executed to John Hallford a mortgage on said land, and by the means of such false pretense obtained from John Hallford $300, the personal property of such John Hallford, of the value of $300, against the peace and dignity of the state of Alabama." The bill of exceptions shows that the defendant moved the court to strike from the indictment, the following words: "And executed to John Hallford a mortgage on said land"— on the ground that it was no portion of the false pretense, and was irrelevant and immaterial. The proof of the pretense is sufficiently set out in the opinion.

The following charges were refused to the defendant: (1) The general affirmative charge. (3) "The defendant is shown to be a man of good character. The jury may, on this evidence, entertain a reasonable doubt of the defendant's guilt, when without such evidence there would be no reasonable doubt." (5) "The court charges the jury that if they believe from the evidence that, al-

[Cook v. The State.]

though Cook had given a mortgage on the land, yet if Cook honestly thought that Wilson had agreed for him to mortgage it, then you will find the defendant not guilty." (6) "If the jury believe from the evidence that Wilson & Co., told the defendant to go ahead and make other arrangements and if defendant was thereby induced to believe that he had the right to mortgage, and if he in fact honestly thought that there was no encumbrance on it, then you will find the defendant not guilty." .

W. O. MULKEY, for appellant. The court erred in permitting the introduction of the mortgage.—*Meeks v. The State*, 117 Ala. 116. On this authority the court erred in not striking that portion of the indictment referring to the mortgage. There was a variance between the allegations and the proof as to the land.

ALEXANDER M. GARBER, Attorney General, for the State. The mortgage was properly admitted in evidence.—140 Ala. 155. Charge 3 was properly refused. —*Scott v. The State*, 105 Ala. 59.

DENSON, J.—Even were the motion to strike certain portions of the indictment meritorious, yet the action of the court in overruling the same could not be reviewed on this appeal, for the reason that it is shown only by the bill of exceptions. No mention is made of the motion in the judgment entry.—*Gaston v. Marengo Improvement Company*, 139 Ala. 465, 36 South. 738; *Crawley's Case*, 146 Ala. 145, 41 South. 175.

Assuming that the court erred in allowing John Hallford to testify that the defendant executed the mortgage, yet the court is satisfied that the ruling worked no injury to the defendant, as the witness immediately produc-

ed the mortgage, which was self-proving, and it was offered in evidence; and, considering that the indictment avers that the mortgage was executed by the defendant, it was competent, relevant, and legal testimony.—*Meek's Case*, 117 Ala. 117, 23 South. 155; *Wilkerson's Case*, 140 Ala. 155, 36 South. 1004.

The indictment charges that the defendant "did falsely pretend to John Hallford, with intent to defraud, that he owned in his own right 118 acres of land in *section* 33, township 1, *range* 25." (Italics are the court's.) Hallford testified as follows: "The defendant at the time of the representation did not describe the land by subdivisions, nor by section, nor by range; but he probably mentioned what township it was in." The point was made in the court below, and is urged herein that there was a variance between the description of the pretense in the indictment and the proof thereof. It may be that the pretense was described more minutely in the indictment than was essential. However, only one pretense is alleged, and the words of particularity in respect to it are a part of the indictment, and cannot be regarded as surplusage.—19 Cyc. 423, 438; *Cowan's Case*, 41 Tex. Cr. 617, 56 S. W. 751; *O'Connor's Case*, 30 Ala. 9; *Beasley's Case,* 59 Ala. 20; *Meek's Case,* 117 Ala. 23 South. 155. It is manifest, from these considerations and authorities, that the state failed to prove the pretense as averred; and the court erred in refusing the general affirmative charge requested by the defendant.

The defendant concedes in brief that charge 3 was properly refused.—*Scott's Case*, 105 Ala. 59, 16 South. 925, 53 Am. St. Rep. 100.

The defendant might have "thought" that Wilson had agreed for him to mortgage the land, and at the same time the jury might have found that defendant falsely

pretended, with intent to defraud, that the land was free from encumbrance—that there was no mortgage upon it. Consequently the court committed no error in refusing charge 5.

Charge 6, in its hypothesis, "and if he in fact honestly thought that there was no encumbrance on it" (the land), is abstract, and for this reason, if for no other, was properly refused.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.