(139 So. 487)

## PRENTICE v. STATE.

6 Div. 13.

Court of Appeals of Alabama.

Feb. 2, 1932.

W. C. Rayburn, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The indictment in this case charged this appellant with the offense of obtaining property by false pretense under section 4131 of the Code 1923. The specific charge being that he did falsely pretend to E. C. Kenny, with intent to defraud, that he owned two black mules, one jersey cow, and one wagon, and that he resided, owned, and kept his property in Cullman county, Ala., and that there were no liens on his crops grown in the year 1928, and, by means of such false pretense, obtained from the said E. C. Kenny, meat, lard, flour, shoes, hardware, and dry goods of the value of $300, etc.

If the foregoing offense charged was committed at all, it was committed at the time the alleged false representations were made and the goods obtained. Subsequent actions of the accused were no part of the res gestæ, and could shed no light on the issues involved in the trial of this case. Carlisle v. State, 77 Ala. 71.

It will be noted in the indictment that the alleged false pretenses complained of were: (1) That the defendant stated he owned two black mules, one jersey cow, and one wagon; (2), that he resided, owned, and kept his property in Cullman county, Ala.; and (3) that there were no liens on his crops grown in the year 1928. ·

In this case, as in all criminal cases, the state was under the burden of offering evidence sufficient to prove the material allegations of the indictment to the satisfaction of the jury beyond a reasonable doubt and to a moral certainty.

The first material allegation in the indictment is quoted above, subdivision (1). In this connection the state failed to prove that the accused did not own the property therein designated at the time in question. On the contrary, the whole evidence discloses, without dispute, that he owned at the time the mules, the cow, and the wagon. There is no allegation in the indictment that he represented said property to be free from incumbrance. The court therefore committed error in allowing the state to prove that such property was covered by a former lien to one Durrough. The several exceptions in this connection were well taken and are sustained.

There appears to have been no attempt by the state to prove the alleged false pretense, to wit: "That he resided, owned, and kept his property in Cullman County, Ala-. bama," as the indictment avers. The first

witness for the state, one McClendon, is the only witness who gave evidence as to this particular alleged false statement, and this witness expressly testified that he (Prentice) said "he lived in Morgan County." No evidence appears from any source to sustain the allegation in the indictment as quoted above, to wit: "That he resided, owned and kept his property in Cullman County, Alabama." This variance appears material, and the exceptions reserved in this connection are well taken.

■ As to remaining alleged false representations, the state also failed to offer the necessary proof. In connection with the testimony of state witness Durrough, some reference was made as to a mortgage given by the accused to the witness, and over the objection and exception of defendant this witness was permitted to read from the purported mortgage the property said to be included therein. The record shows: "The witness then read from the mortgage: 'One reddish mare mule about 10 years old; one black horse mule about 10 years old; one two-horse Mitchell wagon and harness; one black holstein cow with a few spots; one yellow cow, on which there is no mortgage, and I own real estate in Morgan County.'" The relevancy of this testimony is not discernible. It should not have been admitted; the court, in its several rulings on this question, erred to a reversal.

■ The statements by the solicitor in response to questions by the court, to wit: "What was the date of this other mortgage," and, "What is the property in the mortgage," to which the solicitor replied, "On April 18, 1928," and to the second question, "On his crop and all live stock," is not evidence, and should not have been admitted. The solicitor was not a witness, and his mere statement could not be taken as evidence. Moreover, what was said and done in this connection was irrelevant and inadmissible and wholly foreign to the issues involved. There is no averment in the indictment as to any mortgage to Kenny by defendant, and the defendant was called upon to answer only the allegations in the indictment. We note that the trial court announced pending the trial and on more than one occasion, "I don't see the materiality of the mortgage," but, notwithstanding, permitted much evidence relative thereto to be introduced, and also allowed the state to introduce in evidence a mere uncertified copy of the purported mortgage. Each ruling of the court in this connection was error. Cook v. State, 162 Ala. 90, 50 So. 319; Meek v. State, 117 Ala. 117, 23 So. 155.

For the errors designated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.