142 So. 843

## McCLUNG v. STATE.

### 7 Div. 844.

Court of Appeals of Alabama.

March 22, 1932.

Rehearing Stricken May 10, 1932.

O. R. Hood and E. O. McCord & Son, all of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

This appellant was convicted in the lower court for the offense of manslaughter in the second degree. The record discloses that the deceased was one Willie J. Williams and that his death resulted from his having been struck by an automobile on a highway known as the "Rainbow Drive"; and that the accident happened on a rainy night near the city of Gadsden. The evidence in the case was in sharp conflict on many points of fact pertinent to the issues involved upon the trial. These questions, of course, were for the jury to determine. It appears from the record that the trial, from the judgment of which this appeal was taken, was the second time the case had been tried; the former trial resulting in a failure by the jury to reach a verdict, resulting in a mistrial of the case.

During the trial of this case many exceptions were reserved to the court's rulings, all of which are insisted upon as error. After a careful study of these questions, we are of the opinion that the court's rulings, in the main, were free from error and we do not deem it necessary to write at length in order to sustain the court in this connection. We are of the opinion that the testimony of state witness Brown was improperly admitted over the objection and exception of defendant. The facts testified to by this witness were no part of the res gestæ; it had reference to a hotly contested question of fact and was highly injurious. In this connection we pretermit a discussion as to the manifest inconsistencies and discrepancies of this witness'

testimony, such being questions for the jury after the testimony had been allowed.

Pretermitting a discussion of the question of the relevancy of the testimony (as not of the res gestæ) as to the location and condition of the defendant's automobile some time after the alleged commission of the offense complained of, yet in this connection it was not permissible to allow the solicitor to state to the court in the presence and hearing of the jury—as a matter of fact—"and it being the same car, the very one your honor, the very car that hit the deceased, show where it went to." Counsel may be permitted, of course, to present the respective contentions and insistences to the court on the trial of a case in order that the court may understand the matters in controversy, but this statement of the solicitor is not thus presented. As it appears, it was clearly a statement of an emphatic fact by the solicitor as if he was a witness; and not having been sworn as a witness, the statement thus made should not have been permitted. In Prentice v. State, 24 Ala. App. 587, 139 So. 437, 438, this court said: "The solicitor was not a witness, and his mere statement could not be taken as evidence."

It does not appear that objections were interposed and exceptions reserved to the attempted impeachment of defendant's witness Mrs. L. S. Powell, on irrelevant and immaterial matters, by the state witness Mrs. Pansy Williams. Hence the appellant cannot be given the benefit of this question under the rule that the trial court will not be put to error upon questions where no ruling has been invoked or had upon the trial in the court below. This for the reason review is limited in the appellate court to those matters upon which action or ruling at nisi prius were invoked or had. Woodson v. State, 170 Ala. 87, 54 So. 191.

Other questions are presented, but need not be discussed.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.