246 So.2d 478

**Lewis Orea OWENS**

v.

**STATE.**

**1 Div. 92.**

Court of Criminal Appeals of Alabama.

March 23, 1971.

Johnstone, Adams, May, Howard & Hill and Douglas Inge Johnstone, Mobile, for appellant.

No brief filed for the State.

ALMON, Judge.

The one count indictment singularly charged that appellant " * * * did escape from said Camp Eight Mile before the expiration of the term for which he was sentenced * * *." Tit. 14, § 153, Code 1940, as amended by Act. No. 371, Acts of Alabama, Regular Session, 1951, p. 664.

The proof showed that appellant escaped from the custody of a prison guard while working on a road gang twelve miles from "Camp Eight Mile."

Section 153, supra, reads as follows:

" * * * Any convict who *escapes or attempts to escape from the penitentiary,* or *from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary* before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year." (Emphasis added.)

 We consider this. a fatal variance. No proposition of law is more fundamental than the one requiring that the proof at trial must correspond with the material allegations of the indictment. Stone v. State, 115 Ala. 121, 22 So. 275; Prentice v. State, 24 Ala.App. 587, 139 So. 437; Garner v. State, 3 Ala.App. 161, 57 So. 502; Ashby v. State, 24 Ala.App. 466, 136 So. 483; State v. Plunket, 2 Stew. 11.

Since appellant waived a jury trial and was tried by the court without the intervention of a jury, we mention the requirements of Singleton v. State, 8 Div. 405, Ala. Ms; Feb. 4, 1971, in the event of another trial.

Reversed and remanded.