BOWEN W. SIMMONS, Retired Circuit Judge.
An indictment against appellant charged him with unlawfully assaulting Edward Wilburn with a deadly weapon, “at which time the said Edward Wilburn was engaged in the active discharge of his lawful duty or duties as a Deputy Sheriff for Morgan County, Alabama.” Appellant, with the aid of an accomplice, was attempting to escape from jail. A jury convicted “as charged” and the court fixed punishment at fifteen years imprisonment.
The violation charged in the indictment is referable to Acts 1967, No. 746, p. 1600 § 3, now Section 13 — 1—42, Code of Alabama 1975.
We have carefully checked the record and fail to find any evidence supporting the allegation in the indictment that the victim of the alleged assault was at the time a Deputy Sheriff of Morgan County. He was employed as a jailer. There was no proof, essential to the indictment, that he was a Deputy Sheriff as alleged.
Absent such proof, the evidence was not sufficient to sustain the verdict of the jury. The trial court erred in not sustaining appellant’s motion for a new trial.
Because of the insufficiency of the evidence, appellant cannot be retried for the offense. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. He is due to be discharged. It is so ordered.
In conclusion we quote from Burks, supra, at p. 18, 98 S.Ct. at p. 2150, as follows:
“. . . Since we hold today that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only ‘just’ remedy available for that court is the direction of a judgment of acquittal. To the extent that our prior decisions suggest that by moving for a new trial, a defendant waives his right to a judgment of acquittal on the basis of evidentiary insufficiency, those cases are overruled.”
The judgment is reversed and the cause is rendered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND RENDERED.
All the Judges concur.