This petition for writ of certiorari presents a classic case of a variance between indictment and proof. The Court of Criminal Appeals unanimously reversed the cause. That court should be affirmed in my judgment. Thus, I must respectfully dissent from the majority's reversal of that court.
The indictment charged defendant with assaulting Edward Wilburn with a deadly weapon at which time Wilburn was engaged in his lawful duties as a deputy sheriff for Morgan County.
The proof showed Wilburn was not a deputy sheriff but instead was a jailer for Morgan County.
The jury found defendant to be guilty "as charged."
Absent proof Wilburn was a deputy sheriff, the Court of Criminal Appeals concluded, and correctly so in my judgment, that "the evidence was not sufficient to sustain the verdict of the jury."
This is precisely the same basic issue Mr. Justice Almon addressed in Owens v. State, *Page 945 46 Ala. App. 591, 246 So.2d 478 (1971), when he was a judge on the Court of Criminal Appeals. There, the indictment charged
defendant with escaping from a road camp, i.e., "Camp Eight Mile," while the proof showed he had escaped from the custody of a prison guard while working on a road gang twelve miles away from "Camp Eight Mile." The court reversed because of atotal variance between indictment and proof and held, viz:
 "No proposition of law is more fundamental than the one requiring that the proof at trial must correspond with the material allegations of the indictment."
That is exactly the same conclusion reached by the Court of Criminal Appeals in the case before us. But, the majority reverses the Court of Criminal Appeals, saying "there is nomaterial variance where there is proof of so much of an indictment as shows the defendant committed a substantial offense specified therein" [emphasis supplied], citing, inter alia, Dotson v. State, 337 So.2d 83 (Ala.Cr.App. 1976).
I do not quarrel with that proposition of law but none of the cases cited are factually apposite with the case at bar. InDotson, a forgery case, the indictment charged that defendant lived at "955 Highland Avenue" but proof showed he lived at "955 High Street." The Court of Criminal Appeals held that the name of the street where defendant lived is not material to the charge but that everybody who knows Montgomery knows that High Street flows into and becomes Highland Avenue, that they are one and the same.
The majority cites two cases for their conclusion that a jailer falls within the statutory definition of "peace officer or other law enforcement officer," Code 1975, § 13-1-42. Neither is apposite.
In Lowe v. State, 54 Ala. App. 280, 307 So.2d 86 (1974), the indictment charged an assault with a deadly weapon upon one Fails, "a law enforcement officer of the State of Alabama, viz: a Correctional Officer of the William G. Holman Unit," etc. The Court of Criminal Appeals held that a correctional officer is a "peace officer or other law enforcement officer" within the statute. Likewise, in the case at bar, if the indictment had charged that the assault was committed upon one who was "a peace officer or other law enforcement officer" it would havebeen sufficient, or if the indictment had added to this averment "viz: the jailer," it would have been sufficient and the proof would have sustained the indictment.
In Hill v. State, 339 So.2d 601 (Ala.Cr.App. 1976), the assaulted officer's name was left out of the indictment although it charged an assault against "a peace officer or a law enforcement officer," etc. The proof showed an assault against an LN Railroad policeman. The Court of Criminal Appeals held that the failure to allege the assaulted officer's name in the indictment was not raised by demurrer and was presented for the first time on appeal. The fact that the one assaulted was a duly commissioned railway policeman made him fall within the ambit of the statute.
The majority opinion concludes that "it is immaterial whether the victim is a deputy sheriff or jailer so long as he is a law enforcement officer." This is not the issue. It is immaterial whether a jailer is a law enforcement officer or not because the indictment charges the victim is a "deputy sheriff" and that is what the state must prove the victim to be or suffer a fatal variance.
I pose this question:
 "If the majority is right in concluding that it is immaterial whether the victim is `deputy sheriff' or `jailer,' and `deputy sheriff' is not a material averment of the indictment, would it matter if `deputy sheriff' were left out altogether?"
I submit, under the majority's reasoning, the answer would be no. But, if it is left out, the indictment would aver simply the victim's name with no designation of his capacity, and the indictment would not allege an offense under the statute.
The majority opinion states that my reliance on Owens, supra, is inapt because the defendant Owens was indicted under the *Page 946 
wrong statute, i.e., Tit. 14, § 153, which the majority says "refers solely to escapes from a penitentiary." The majority are incorrect. That statute makes it an offense to "escape from the penitentiary, or from any person or guard having him incharge . . either within or outside the walls of the penitentiary. . . ." Thus, defendant Owens was indicted not
under the wrong statute but for the wrong kind of escape under the statute.
The majority also say defendant House was not misled or injured by the failure to allege Wilburn was a "peace officer or other law enforcement officer" or by alleging he was a "deputy sheriff" when he was not. My response is that he was injured because conviction of § 13-1-42 (assault on peace officer with deadly instrument) is a felony and carries imprisonment in the penitentiary from two to twenty years as punishment upon conviction. But, § 13-1-40 (assault and battery), an assault and battery upon one other than a "peace officer or other law enforcement officer" is a misdemeanor and carries, upon conviction, only a fine of up to $500 and imprisonment in the county jail or hard labor for the county for up to six months. In reading the indictment, House would be misled into believing that by leaving out "peace officer" etc. in the indictment, the state had elected to proceed against him for the misdemeanor of assault and battery rather than for the felony of assault on a peace officer, etc.
I would affirm the Court of Criminal Appeals, and I respectfully dissent from the majority opinion.
ALMON, EMBRY and BEATTY, JJ., concur.