Petitioner Hightower was convicted of the crime of sexual misconduct, a misdemeanor. The Court of Criminal Appeals,443 So.2d 1270, affirmed, holding that there was "no fatal variance between the indictment charging sexual intercourse without consent and the proof of sexual intercourse with consent."
The solicitor's complaint charged that "the defendant, a male, did commit the crime of sexual misconduct in that the said William Edward Hightower, a male, did engage in sexual intercourse with Vergilyn Williams, a female, without her consent in violation of 13A-6-65 of the Code of Alabama. . . ." The proof showed that he obtained her consent by artifice. The jury found him guilty as charged and the court sentenced him to one year in jail. The trial court denied his motions for judgment of acquittal and for new trial. After affirmance by the Court of Criminal Appeals, Hightower petitioned this Court for writ of certiorari.
The solicitor's complaint brought against the petitioner is in the nature of an indictment, "differing only in that [it] was presented by a public officer . . . upon his oath of office, rather than by a grand jury on their oath. See Code of Alabama 1975 § 15-7-1, § 15-8-1." Gunn v. City of Birmingham,402 So.2d 1122, 1124 (Ala.Cr.App. 1981).
An indictment must specify the conduct sought to be condemned so that the defendant may have an opportunity to prepare a defense if one is available. Constitution of Alabama of 1901, Section 6; see, e.g., Tyson v. State, 361 So.2d 1182
(Ala.Cr.App. 1978); Mason v. State, 259 Ala. 438, 66 So.2d 557
(Ala. 1953). In this case the solicitor's complaint specified one type of conduct and the proof showed another. This was also the case in Owens v. State, 46 Ala. App. 591, 246 So.2d 478
(1971), where the indictment specified escape from the penitentiary but the proof was of escape from the custody of a prison guard while working on a road gang.
In House v. State, 380 So.2d 940 (Ala. 1979), the situation was somewhat different. In that case the conduct proved was the same as that charged; only the designation of the victim was different. In House, the defendant was charged and convicted under Code 1975, § 13-1-42, which pronounced the felony of assaulting with a deadly instrument "any peace officer or other law enforcement officer" engaged in the active discharge of his duties. The variance related to the description of the *Page 1274 
victim — the indictment referred to him as a deputy sheriff and the proof showed him to be a jailer.
This Court held that this variance was not material because "it is immaterial whether the victim is a deputy sheriff or jailer so long as he is a law enforcement officer, engaged in his duties at the time of the assault," and specifically observed that "[t]his is not a case where the defendant was misled by the variance between the indictment and proof in regard to the capacity in which the victim of the assault was employed." House v. State, supra, 380 So.2d at 942.
As noted in House,
 "The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled."
House v. State, supra, 380 So.2d at 942-43 (emphasis added). See also Mauldin v. State, 376 So.2d 788 (Ala.Crim.App. 1979), cert. denied, 376 So.2d 793 (Ala. 1979); Blackmon v. State,46 Ala. App. 274, 240 So.2d 696 (1970), cert. denied, 286 Ala. 733,240 So.2d 699 (1970).
In the case at bar, just as in Owens, supra, the indictment charged the defendant with the wrong type of conduct proscribed by the statute defining the offense. Code 1975, § 13A-6-65, provides in part:
 "(a) A person commits the crime of sexual misconduct if:
 (1) Being male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice. . . ."
(Emphasis added.)
There is a difference between "without consent" and "with consent obtained by fraud or artifice." Section 13A-6-70
provides that lack of consent results from, among other things, "forcible compulsion." The definition of forcible compulsion is found at § 13A-6-60 (8), and, under that definition, the solicitor's complaint charging sexual intercourse "without consent" would have put petitioner on notice that he might have to defend against a charge of coercing a female into sexual intercourse by "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." This is entirely different from the proof that he was in fact obliged to defend against, as the Court of Criminal Appeals acknowledged when it stated that "the State wholly failed to prove that the sexual act was committed without Ms. Williams' consent because there was no evidence of `forcible compulsion' as defined by Section 13A-6-60 (8)."
We find unconvincing the citations by the Court of Criminal Appeals in support of its conclusion that there was no fatal variance between the misconduct charged in the solicitor's complaint and the proof of the other kind of sexual misconduct defined in § 13A-6-65 (a)(1). We note that the indictment forms prepared by the Alabama Law Institute give two separate forms for sexual misconduct committed without consent and sexual misconduct committed by consent obtained through fraud or artifice.
The defendant is called upon to answer only the specific charge contained in the indictment. Underwood v. State,33 Ala. App. 314, 33 So.2d 379 (1948). "No proposition of law is more fundamental than the one requiring that the proof at trial must correspond with the material allegations of the indictment." Gray v. State, 346 So.2d 974, 978 (Ala.Cr.App. 1976), cert. quashed, 346 So.2d 978 (Ala. 1977); Owens v.State, supra, 46 Ala. App. at 592, 246 So.2d at 478. The Court of Criminal Appeals erred in holding that there was no fatal variance between the solicitor's complaint and the proof.
For the reasons stated, the judgment of the Court of Criminal Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur. *Page 1275