The appellant, Leon Abernathy, Jr., was convicted of third-degree escape and was sentenced, pursuant to Alabama's Habitual Felony Offender Act, to fifteen years' imprisonment.
Appellant's indictment charged that he "did escape or attempt to escape from the custody of Gardendale Jail, in violation of Section 13A-10-33 of the Code of Alabama."
The state's evidence proved that the appellant escaped from the custody of Grady Love, the jailor at the Gardendale Jail. Love had escorted the appellant from his cell and had instructed him to clean the jail and city hall. The appellant escaped before completing this work detail.
The appellant argues on appeal that his conviction should be reversed either because his indictment is void or because there was a material variance between the indictment and the proof at trial. We disagree.
Appellant's contention that an indictment charging a third-degree escape under § 13A-10-33, Code of Alabama 1975, is void unless it avers an escape from the custody of "a public servant" is without merit.
Section 13A-10-33, by definition is a "catchall" statute for escapes. It is applicable to all escapes, including those from city or county jails or from city or county jail officials.See, Ala. Code §§ 13A-10-31 through 13A-10-33 Commentary (1975). It applies to escapes from "any detention pursuant to a lawful arrest or court order." See, Ala. Code §§ 13A-10-31 through13A-10-33 Commentary (1975). It specifies that a person commits third-degree escape "if he escapes or attempts to escape from custody." Ala. Code § 13A-10-33, supra.
Appellant's indictment refers to this statute "and tracks almost the identical language of the relevant portion of the statute." Compare, Pinkard v. State, 405 So.2d 411, 414
(Ala.Cr.App. 1981).
Furthermore, the indictment satisfies the sufficiency standards outlined in Summers v. State, 348 So.2d 1126
(Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala. 1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978). It is specific enough to identify the offense intended by the grand jury, to enable the defendant to prepare his defense, to protect against double jeopardy, and to enable the trial court to pronounce judgment on the record. See, Summers v. State, supra. Compare, Black v. State, 401 So.2d 320 (Ala.Cr.App. 1981); Pinkard v. State, supra.
Therefore, the indictment is not void.[1]
Moreover, the variance between the indictment and the proof at trial did not constitute a material variance under the circumstances presented in this case. The material (fatal) variance rule protects a defendant against misidentifications and improper notice in an indictment which result in substantial injury to the defendant in defending himself at trial. When the requirements of "identification and notice to the defendant" are satisfied there is no fatal variance. See,House v. State, 380 So.2d 940 (Ala. 1979), reversing,380 So.2d 938 (Ala.Cr.App.), and cases therein cited.
In this case, the appellant could not have been misled by the language in the indictment alleging an escape from the Gardendale Jail rather than an escape from Grady Love's custody somewhere in the immediate vicinity of the Gardendale Jail. As in House, we distinguish Owens v. State, 46 Ala. App. 591,246 So.2d 478 (1971), because "[i]n that case, unlike the instant case, the defendant was indicted under the wrong statute."House v. State, 380 So.2d 940, 944, supra. In Owens, the indictment charged an escape under one statute and the evidence proved an escape covered by a different statute. In the instant case, the *Page 962 
state's evidence proved the same third-degree escape offense as that charged in the indictment. Therefore, the variance did not cause any substantial injury to the appellant.
For the reasons outlined above, this cause must be affirmed.
AFFIRMED.
All the Judges concur.
[1] Section 13A-10-33 is part of Alabama's new Criminal Code which only became effective on January 1, 1980. Any cases dealing with indictments under the prior law of escape, cases which support a contrary conclusion with respect to the sufficiency of this indictment, are simply inapplicable. See,Pinkard v. State, supra.