HOUSTON, Justice.
Harold E. Bain contends that there was a fatal variance between the indictment against him and the proof at trial. The indictment charged him with violation of § 13A-8-2(l), Code of Alabama 1975:
“A person commits the crime of theft of property if he:
“(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property....”
Bain contends that, at most, the State proved his violation of § 13A-8-2(2), Code of Alabama 1975 (“Knowingly obtaining] by deception control over the property of another, with intent to deprive the owner of his property”), and that there was a fatal variance between the indictment and the proof.
Bain relies primarily on the case of Hightower v. State, 443 So.2d 1272 (Ala.1983), which involved sexual misconduct by a male who was indicted for engaging in sexual intercourse with a female without her consent, while the proof showed that such conduct was with her consent, but consent obtained by the use of fraud or artifice. Section 13A-6-65, Code of Alabama 1975, makes each an offense; and in Hightower, this Court held that there was a fatal variance between the indictment and the proof when the indictment alleged lack of consent and the proof showed consent obtained by fraud or artifice.
Hightower is readily distinguishable from the case at issue. Here, the indictment alleged theft by knowingly obtaining and exerting unauthorized control over the property of another, and the proof supports such an indictment. The State did not attempt to prove theft by deception. It did not try to prove that the oil loading operation in Nigeria promoted by Bain, and invested in by some ten separate investors, was in fact nonexistent. Rather, it appears from the State’s evidence that the theory of the State’s case was that Bain was engaged in legitimate, although risky, oil transportation ventures. The testimony of the victims was that they gave Bain money as investments in such a venture, but with authorization to use the money for specified purposes, namely, to pay for the actual *384 and direct expenses incurred in the loading, transporting, and unloading of crude oil from Nigeria. Had the monies been expended as authorized, and had the venture failed to produce profits, no criminal conduct would have been involved. However, the State proved that Bain diverted the monies to pay local overhead and expenses, which he was not authorized to do. At this point, he exercised unauthorized control over the property of others, and his control became criminal under § 13A-8-2(l), as charged in the indictment. The State cites Deep v. State, 414 So.2d 141 (Ala.Crim.App.1982), wherein the proof was that Deep initially may have had authorized control over the 10-foot by 20-foot portable building owned by the State and used as a “cook shack” during the disaster relief effort following Hurricane Frederic, since he was an employee of the Disaster Housing Office in Mobile. However, when Deep transferred this building to his home in Montgomery, incorporated it into the landscape of his backyard, and used it to store his personal property, there was sufficient evidence presented to support the State’s theory that Deep intended to exercise unauthorized control over this item of State property and to deprive the State thereof.
Judge Tyson, writing for the Court of Criminal Appeals in Deep, wrote:
“We have no way of knowing how the jury weighed the facts presented, but they need not have totally disregarded Mr. Killough's testimony that some control was ‘authorized’ in order to conclude that appellant ‘intended to deprive’ the State of its property and eventually ‘exerted unauthorized control over' same. Unauthorized control could certainly have been exerted even if the initial possession had been acquired with the consent of the owner.” (Emphasis in original.)
The judgment of the Court of Criminal Appeals, 474 So.2d 200, is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.