BOWEN, Presiding Judge.
William Gibson was convicted of first degree, robbery and first degree assault. He was sentenced as a habitual offender to life imprisonment without parole and to life imprisonment.
I
The trial court improperly refused the defendant’s requested charge number 20, which stated:
“The Court charges the jury that if a conviction in this case depends upon the testimony of a single witness and if the jury has a reasonable doubt as to the truthfulness of the testimony of such witness, they cannot convict the Defendant.”
The charges against Gibson arise from the robbery of Woodson W. Bracknell at Bracknell Brothers Pawn Brokers on October 14, 1983, and the shooting of Mr. Bracknell. Gibson’s conviction depends solely upon the testimony of Mr. Bracknell, who was the only witness to identify him and connect him to the robbery.
The requested charge is a proper statement of the law and under the evidence the jury should have been so instructed. Se-gars v. State, 86 Ala. 59, 5 So. 558 (1889); Cook v. State, 437 So.2d 1378, 1379 (Ala.Cr.App.1983); Slayton v. State, 27 Ala. App. 422, 428-430, 433, 173 So. 632, reversed on other grounds, 234 Ala. 1, 173 So. 642 (1936) and 234 Ala. 9, 173 So. 645 (1937); Duke v. State, 23 Ala.App. 29, 119 So. 864 (1929); Baxley v. State, 18 Ala. App. 277, 90 So. 434, cert. denied, Ex parte Baxley, 206 Ala. 698, 90 So. 925 (1921).
The crime of assault in the first degree is defined by Alabama Code 1975, § 13A-6-20:
“(a) A person commits the crime of assault in the first degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or
“(2) With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such an injury to any person; or
“(3) Under circumstances manifesting extreme indifference to the value of human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or
“(4) In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree or any other felony clearly dangerous to human life, or of immediate flight therefrom, he causes a serious physical injury to another person.”
The indictment only charged assault in the first degree as defined by subsection (a)(1) of § 13A-6-2Q. However, the trial court charged the jury on subsections (a)(1), (2), (3), and (4):
“Assault in the first degree. A person commits the crime of assault in the first degree if he causes serious physical injury to another person, and he does so with the intent to do so, and by means of a deadly weapon or a dangerous instrument, or with intent to seriously and permanently disfigure another person, or to destroy, amputate or disable permanently a member or organ of his body. *40 Or by engaging in reckless conduct which creates a grave risk of death to another person under circumstances manifesting extreme indifference to the value of human life; or, in the course of, in the furtherance of, or immediate flight from an intention of commission of a felony which is clearly dangerous to human life.
“Assault in the first degree, to sustain the charge of assault in the first degree in this case, the State by the evidence must prove beyond a reasonable doubt each of the following elements of the offense: First, that Woodson Bracknell suffered a serious physical injury. Second, that the serious physical injury sustained by him was caused by the Defendant, William Gibson. And, third, that in causing such injury, William Gibson acted with intent to cause serious physical injury to any person by means of a deadly weapon or a dangerous instrument. Or, intending to seriously or permanently disfigure any person or to destroy, amputate or disable permanently a member or organ of any person’s body. Or, acting under circumstances manifested extreme indifference to human life dangerously and recklessly engaged in conduct which created a grave risk of death to any person, or was acting in the course of, in furtherance of, or immediate flight from commission or attempted commission of a robbery in any degree.”
Defense counsel made specific objection to the charge on assault as defined in subsections (a)(2), (3), and (4).
The charge in this case was erroneous. The indictment charges an offense committed by one specific means and the trial court charged the jury on additional, separate, and contradictory means. Ex parte Washington, 448 So.2d 404 (Ala.1984) (where the indictment charges intentional murder, oral charge to jury on universal malice murder constituted a fatal variance from the indictment); Ex parte Hightower, 443 So.2d 1272 (Ala.1983) (where the indictment charges sexual intercourse without consent, proof of sexual intercourse with consent constitutes a fatal variance).
“The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled.” House v. State, 380 So.2d 940, 942-43 (Ala.1979) (emphasis added).
See also Hightower, 443 So.2d at 1274. “The defendant is called upon to answer only the specific charge contained in the indictment.” Hightower, 443 So.2d at 1274. “[A] material variance will exist if the indictment charges an offense committed by one means and the trial court’s jury charge addresses a separate and contradictory means.” Hamilton v. State, 455 So.2d 170, 173 (Ala.Cr.App.1984). See also Thomas v. State, 452 So.2d 899, 903 (Ala.Cr.App.1984) (“An oral instruction on subsection (3) felony-murder constitutes a fatal variance from an indictment charging subsection (1) intentional murder.”).
The one apparent exception to this rule of variance where the statute contains alternative methods of committing the offense is where the alternative methods are not contradictory and do not contain separate and distinct elements of proof. Hamilton, supra (no fatal variance between indictment charging first degree robbery while armed with a deadly weapon and jury charge on that method and on first degree robbery involving serious physical injury). That exception does not apply in this case.
Under the trial court’s oral charge, the jury could have found the defendant “guilty as charged in the indictment” if they found (1) that he intentionally caused serious physical injury with a deadly weapon, or (2) that he intentionally seriously and permanently disfigured another, or (3) that he was reckless and caused serious physical injury, or (4) that he was guilty of “felony-assault” resulting in serious physical injury. As noted in the commentary to §§ 13A-6-20 through 13A-6-22, “Section 13A-6-20, assault in the first degree, cov *41 ers four situations.” “The trial court is without power to add to or take away from any material averment in the indictment. Neither may the trial judge charge the jury upon any issue not properly involved in the trial of the case.” Coleman v. State, 443 So.2d 1355, 1358 (Ala.Cr.App.1983) (charging that a burglary conviction could be based upon breaking and entering with an intent to commit either sexual abuse or sodomy was not reversible error, even though the indictment only charged an intent to commit sexual abuse, because the defendant was not harmed since the charge required proof of an intent to perform a more specific act of sexual gratification than that required for a finding of sexual abuse). See also Clements v. State, 370 So.2d 723 (Ala.1979) (although indictment properly charged robbery during the course of which the defendant intentionally killed the victim, the trial court erroneously charged on a different offense, murder in the first degree under circumstances of aggravation, and the jury erroneously rendered a verdict on a different offense (first degree murder with aggravated circumstances) following the judge’s instructions), overruled, Beck v. State, 396 So.2d 645, 662, n. 8 (Ala.1980).
For these reasons, the judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
TYSON, TAYLOR and PATTERSON, JJ., concur.
McMILLAN, J., concurs in result.