TYSON, Judge.
Jimmy Lundy was indicted for the capital murder of his wife, Wanda Lundy, in violation of § 13A-5-40(a)(7), Code of Alabama 1975, as amended. The indictment alleged that the appellant took out a loan with the Citizen’s Bank of Winfield and used the proceeds to pay a man named Billy Rex Goodson to run over his wife with Good-son’s truck while she was jogging early one morning. The jury found the appellant “guilty of the capital offense as charged in the indictment.” He was sentenced to life imprisonment in the penitentiary without the possibility of parole.
The appellant asserts that there was a fatal variance between the indictment and the evidence presented by the State at trial, and cites as authority Ex Parte Hightower, 443 So.2d 1272 (Ala.1983); Kelley v. State, 409 So.2d 909 (Ala.Crim.App.1981). We agree.
For this reason, our discussion of the numerous issues raised by this appellant is pretermitted. Likewise, a lengthy recitation of the facts of this case is unnecessary.
I
Section 13A-5-40, Code of Alabama 1975, as amended, includes as a capital offense, “Murder done for pecuniary or other valuable consideration or pursuant to a contract or for hire.” Ala.Code § 13A-5-40(a)(7) (1975) (as amended).
The indictment alleged that the “contract” consisted of a personal loan at the Citizens Bank of Winfield, whereas the proof offered by the State during the trial indicated that a note was signed at the Winfield State Bank.
This variance is certainly a material one. See Hightower, supra. Indeed, the existence of the note was the only offered connection in the indictment between this appellant and Goodson. The indictment specifically named the transaction at the bank as constituting the “contract”, which is an essential element of this crime. See Pittman v. State, 460 So.2d 232 (Ala.Crim.App.1984), writ quashed, 466 So.2d 951 (Ala.1985); Airhart v. State, 388 So.2d 211 (Ala. Crim.App.1979), writ quashed, 388 So.2d 213 (Ala.1980). In addition, the misleading and material nature of this variance becomes even more obvious in light of the fact that banks by both of these names do, in fact, exist in Winfield, Alabama and the appellant transacted business at each of them.
For the above stated reasons, this case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.