The appellant, Thomas Wayne Long, appeals an order of the trial court denying his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. The appellant contends that the trial court erred in dismissing his petition as outside the two-year limitations period specified in Rule 32.2(c).
In his petition, the appellant asserted that the trial court lacked jurisdiction to accept the plea of guilty entered in his 1987 conviction for third degree escape because, he says, the three-day waiting period required by § 15-15-22, Code of Alabama 1975, was not complied with.
Section 15-15-22 states, in pertinent part:
 "When an information has been filed as provided in Section 15-15-21 . . . the court shall . . . fix a date for the defendant to formally make and enter his plea of guilty in open court, which date shall not be within 15 days after the arrest of the defendant nor within three days after notice to the court of his intention to plead guilty."
(Emphasis added.) Noncompliance with § 15-15-22 deprives the trial court of jurisdiction of the case and "voids any judgment entered under the provisions of §§ 15-15-20 et seq." Ross v.State, 529 So.2d 1074, 1075 (Ala.Cr.App. 1988). Therefore, because the appellant's claim questioned jurisdiction, the trial court erred in relying on the two-year limitations period of Rule 32.2(c) to deny the appellant's petition.[1] However, "where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial." Swicegood v. State,646 So.2d 159, 160 (Ala.Cr.App. 1994).
The appellant was originally indicted and convicted for escape in the first degree. He was sentenced to 15 years in the penitentiary. After a petition for post-conviction relief (now Rule 32 petition) was filed, the court set aside the conviction for first degree escape, and by agreement of all the parties, the indictment was amended to charge escape in the third degree. The appellant was allowed to enter a plea of guilty and he was sentenced to four years' imprisonment. The appellant alleges that § 15-15-22 was not complied with because the amendment to the indictment, the guilty plea, and the sentence hearing all occurred on the same day.
The state correctly points out that § 15-15-22 applies only where the charge against the accused is brought by way of aninformation, as opposed to an indictment. See Ross. However, the appellant argues that the indictment was invalid because "an indictment *Page 534 
cannot be amended to charge an offense that is not a lesser included offense of the crime charged in the indictment."Green v. State, 619 So.2d 952, 953 (Ala.Cr.App. 1993). The appellant asserts that escape in the third degree is not a lesser included offense of escape in the first degree. This court has not had occasion to address this issue.
The escape statutes read as follows:
 "(a) A person commits the crime of escape in the first degree if:
 "(1) He employs physical force, a threat of physical force, a deadly weapon or a dangerous instrument in escaping or attempting to escape from custody, or
 "(2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction."
§ 13A-10-31(a), Code of Alabama 1975.
 "(a) A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility."
§ 13A-10-32(a).
 "(a) A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody."
§ 13A-10-33(a).
Section 13A-1-9 defines a lesser included offense as one that is "established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." Moreover, " '[t]o be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' " Williams v. State, 591 So.2d 582, 582-83
(Ala.Cr.App. 1991), quoting Sharpe v. State, 340 So.2d 885
(Ala.Cr.App.), cert. denied, 340 So.2d 889 (Ala. 1976). Third degree escape is encompassed within the offenses of first and second degree escape because it is impossible to commit either offense without performing the one act that is third degree escape, i.e., an escape or attempted escape from custody.
 "Section 13A-10-33, by definition is a 'catchall' statute for escapes. It is applicable to all escapes, including those from city or county jails or from city or county jail officials. . . . It applies to escapes from 'any detention pursuant to a lawful arrest or court order.' See, Ala. Code §§ 13A-10-31 through 13A-10-33 Commentary (1975)."
Abernathy v. State, 462 So.2d 960, 961 (Ala.Cr.App. 1984). (Emphasis in original.) We hold that the offense of escape in the third degree is a lesser included offense of both first degree and second degree escape.
Therefore, amending the appellant's indictment to charge third degree escape was not erroneous. Because the appellant was charged by indictment instead of information, § 15-15-22
was not applicable, and the trial court had jurisdiction to accept the appellant's guilty plea to the amended charge. The order of the trial court denying the appellant's petition for post-conviction relief is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Rule 32.2(c) applies only to constitutional claims, requests for out-of-time appeals, and claims of newly discovered evidence. See Rule 32.2(c), Ala.R.Crim.P.