On Return to Remand
This court's opinion of May 26, 2006, remanding this cause for further proceedings based on Ex parte Cole,842 So.2d 605 (Ala. 2002), is hereby withdrawn and the following opinion substituted therefor.
John Herren appeals from the trial court's summary dismissal of his five Rule 32, Ala. R.Crim. P., petitions. In 1984 Herren was indicted in three cases for robbery in the first degree (CC-84-2876, CC-84-2878, and CC-84-2879), violations of §13A-8-41, Ala. Code 1975, and in two cases for escape in the third degree (CC-84-2877 and CC-84-2880), violations of §13A-10-33(a), Ala. Code 1975. After plea negotiations in each case, Herren entered guilty pleas to three charges of second-degree robbery and to two charges of third-degree escape. He was sentenced to 15 years' imprisonment in each of the four charges, to be served concurrently. No direct appeal was taken. In 2005 he filed five Rule 32, Ala. R.Crim. P., petitions seeking postconviction relief from his convictions. To avoid dismissal pursuant to the two-year-limitations-period preclusion found in Rule 32.2(c), Ala. R.Crim. P., Herren *Page 928 
attacked the trial court's jurisdiction to render judgement and to impose sentence in each case. After receiving the State's motion to dismiss in four of the five cases,[1]
the circuit court summarily denied relief in each petition.
Herren appeals, essentially reiterating the jurisdictional claims he raised in his petitions.
In reviewing the circuit court's denial of Herren's petitions, we will affirm the judgment of the circuit court "[i]f the circuit court is correct for any reason, even though it may not be the stated reason. . . . See Roberts v.State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v.State, 748 So.2d 231, 233 (Ala.Crim.App. 1999); Exparte City of Fairhope, 739 So.2d 35, 39 (Ala. 1999);McWilliams v. State, 897 So.2d 437, 450
(Ala.Crim.App. 2004), overruled on other grounds, Hunt v.State, 940 So.2d 1041 (Ala.Crim.App. 2005).
 I.
As to Herren's escape convictions, as best we can discern, Herren claims that the trial court did not have jurisdiction to render judgment and to impose sentence because, he argues, the indictments were void. According to Herren, the two indictments charging him with escape in the third degree were void because they did not allege that, at the time of his escape, he was under a sentence of imprisonment on a conviction for a criminal offense.
On June 30, 2006, the Alabama Supreme Court decided the case of Ex parte Seymour, 946 So.2d 536 (Ala. 2006). TheSeymour court held:
 "The validity of Seymour's indictment is irrelevant to whether the circuit court had jurisdiction over the subject matter of this case. A defect in an indictment may be error, see Rule 15.2(d), Ala. R.Crim. P. — or even constitutional error, see
Ala. Const., Art. I, § 8 — but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as illegal seizure or a violation of the Confrontation Clause."
946 So.2d at 539. Because Herren's challenge to the validity of his indictment is a nonjurisdictional claim, it is precluded by Rule 32.2(c), Ala. R.Crim. P., because the petition was filed outside the limitations period, and by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because the claim could have been, but was not, raised at trial and on appeal.
Moreover, § 13A-10-33(a), Ala. Code 1975, defines the offense of escape in the third degree as follows: "A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." Here, the indictment in case no. CC-84-2877 charged that Herren did "escape or attempt to escape from the custody of Charles Wyatt, District Court Bailiff of Jefferson County." (CR. 134.) The indictment in case no. CC-84-2880 charged that Herren did "escape from the custody of Jerome Weldon" (CR. 345.) Both indictments are sufficient to charge escape in the third degree.
 "`Section 13A-10-33, by definition is a "catchall" statute for escapes. It is applicable to all escapes, including those from city or county jails or from city or county jail officials. . . . It applies to escapes from "any detention pursuant to a lawful arrest or court order." See, Ala. Code §§ 13A-10-31 through 13A-10-33 Commentary (1975).'" *Page 929 
Long v. State, 675 So.2d 532, 534 (Ala.Crim.App. 1996) (quoting Abernathy v. State, 462 So.2d 960, 961
(Ala.Crim.App. 1984) (emphasis added in Abernathy)). Thus, the trial court's denial of relief as to Herren's escape convictions is affirmed.
Thus, Herren is entitled to no relief on this claim.
 II.
In his petitions and on appeal Herren alleges that the trial court lacked jurisdiction to accept his guilty pleas to second-degree robbery because, he argues, second-degree robbery was not a lesser-included offense of first-degree robbery as charged in his indictment. Specifically, Herren argued that the first-degree-robbery indictments did not allege that he was aided in the commission of the robbery by another person and they were never amended to include such an allegation. Herren relies on Ex parte Cole, 842 So.2d 605 (Ala. 2002), wherein the Alabama Supreme Court stated:
 "When . . . an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained [the defendant's] consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala. R.Crim. P.]. That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment."
Ex parte Cole, 842 So.2d at 609. See also Toliverv. State, 881 So.2d 1070, 1074 (Ala.Crim.App. 2003)("[T]he point of Ex parte Cole was that the fact that the defendant was aided in the commission of the robbery by another person must be included within the first-degree-robbery charge itself for second-degree robbery to be a lesser-included offense of first-degree robbery.").
Although Herren's claim is couched in jurisdictional terms, it is not truly jurisdictional. As stated in Part I of the opinion, the Alabama Supreme Court in Ex parteSeymour, supra, held that the validity of an indictment is "irrelevant" to a circuit court's subject-matter jurisdiction. Following Seymour, in Taylor v. State,953 So.2d 429, 431 (Ala.Crim.App. 2006), this Court recognized thatEx parte Seymour, had implicitly overruled Exparte Cole and its progeny. Accordingly, because this claim is not jurisdictional, it is precluded by Rules 32.2(a)(3) and (a)(5) and Rule 32.2(c), Ala. R.Crim. P.
Thus, Herren is entitled to no relief on this claim.
 HOLDING
Based on the above, this Court's opinion of May 26, 2006, remanding this cause to the circuit court with directions is withdrawn. This cause is once again remanded to the circuit court for that court to set aside its order of July 5, 2006, in which the circuit court reinstated the charge of robbery in the first degree and placed the *Page 930 
case on a circuit court trial docket. The circuit court is to take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
OPINION OF MAY 26, 2006, WITHDRAWN; REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] The State conceded that a hearing was warranted in case no. CC-84-2879.
* Note from the reporter of decisions: On May 11, 2007, on return to second remand, the Court of Criminal Appeals affirmed, without opinion.